Case:2:13-cv-12604
Judge: Friedman, Bernard A.
MJ: Michelson, Laurie J.
Filed: 06-14-2013 At 10:55 AM
CMP HUDSON V TARNOW, ET AL (EB)

NO IFP
NO fee Pd

71

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ANTONIO MARCUS HUDSON**

DECLARANT-PLAINTIFF

v.

**HONORABLE JUDGE(S) ARTHUR J. TARNOW,** P21270, individually and in his official capacity as United States District Court Judge; **BERNARD FREIDMAN,** individually and in his official capacity as United States District Court Judge; **PAUL KOMIVES,** individually and in his official capacity as United States District Court Magistrate Judge; **HONORABLE JUSTICE(S) ROBERT LEON JORDAN, ERIC CLAY, JOHN M. ROGERS, CLARENCE MADDOX, DANNY J. BOGGS, ALICE BARCHELDER, KAREN-NELSON-MOORE, RONALD GILMAN, BOYCE MARTIN, DAMON KEITH, GUY COLE, RICHARD SUHRHEINRICH, GILBERT MERRIT, JOHN ROGERS, KARL S. FORESTER,** CORNELIA G. KENNEDY, JULIA SMITH SIMMONS, ALAN E. NORRIS, EUGENE SILER, MARTHA CRAIG DAUGHTREY, JEFFREY SUTTON, DEBORAH COOK, DAVID McKEAGUE, RICHARD ALLEN GRIFFIN, RAYMOND KETHLEDGE, HELEN N. WHITE, JANE BRANSTETTER STRANCH, RALPH B. GUY, Judges of the Sixth Circuit Court of Appeals, each individually and in his/her official capacity; **LEONARD GREEN,** Clerk of the Court, ROY FORD, Case Manager, YVONNE HENDERSON, Case Manager, BEVERLY HARRIS, En Banc Coordinator, each and in his/her official capacity, in the Sixth Circuit Court of Appeals et. al.

RESPONDENTS-DEFENDANTS:

Case No. 10-1984/CV-73834-DT

Judges: Honorable Denise Page Hood and Honorable Victoria Roberts

**CIVIL RIGHTS COMPLAINT**

TRIAL BY JURY DEMANDED

STATE OF MICHIGAN, STATE OF MICHIGAN; RICK SNYDER, Governor of State of Michigan; BILL SCHUTTE, Attorney General; DEBRA GAGILARDI, Senior Assistant Attorney General; MICHIGAN DEPARTMENT OF CORRECTIONS, DANIEL H. HEYNS, Director, PAROLE BOARD, PATRICIA L. CARUSO, Director, each in his/her individual and official capacity et. al.

## VERIFIED COMPLAINT

1. **NOW COMES** the above-named Plaintiff Antonio Marcus Hudson, Pro Se, and for his cause of action against the above- named Defendants Judge Arthur Tarnow, and the Justices of the Sixth Circuit Court of Appeals, and State of Michigan Officials individually and in his or her official capacity, and for his Complaint hereby states as follows:

## I. INTRODUCTION

2. Plaintiff seeks relief in the form an Order requiring the immediate Review of his Habeas Corpus Petition. This Complaint is being filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics. Plaintiff claims Federal Jurisdiction pursuant to Art. III, Sec. 2 which extends jurisdiction to cases arising under the United States Constitution.

3. The action arises under Art. 1, Sec. 9, Cl. 2 of the United States Constitution, and the Habeas Corpus Act of (1789, 1838, 1867) for violations of certain protections guaranteed to him in the First, Fourth, Fifth, Sixth, Seventh, Eighth, Nineth, Thirteenth and Fourteenth Amendments of the United States Constitution, and 18 USC 1985 (2)(3); 18 USC 241 and 242 by Defendants under color of federal and state law in his/her individual and official capacity and redressable pursuant to Bivens. v. Six Unknlown Narcotics Agents, 403 U.S. 388 (1971).

4. While the above-named Defendants were acting in the scope of their employment under the color of federal and state law, statute, ordinance, regulation, custom and usage subjected the Plaintiff within their jurisdiction to a total deprivation of rights, privileges and immunities secured by the United States Constitution through a "class-based" invidiously discriminatory animus where he is a "class-of-one" being made to suffer by 24 years of false imprisonment.

## II. JURISDICTION AND VENUE

5. This Court has Jurisdiction over the subject matter of this action pursuant to 28 USC Sec.

1331(a), 1332, 1343 (2)(3)(4), 1367, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, and venue is properly set in the United States District Court for the Eastern District, Southern Division of Michigan pursuant to 28 U.S.C. Sec. 1391 (b)(2)(c) as the Defendants reside and work in the State of Michigan and the State of Ohio and live and work in the Eastern District of Ohio. This is the Jurisdiction in which the Plaintiff's causes of actions arose and Plaintiff resides and/or the jurisdiction in which the injuries suffered by the Plaintiff were sustained and in which all events giving to the rise of the Plaintiff's claims occurred.

6. **Venue is proper under 28 USC Sec. 1391 in the United States District Court for the Eastern District because a substantial part of the actions and omissions giving rise to this case occurred within this District.**

7. This Court has authority to award the requested equitable and injunctive relief under 28 USC 1343(3) and requested compensatory and punitive damages under 28 USC 1343 (3). The amount in controversy is in excess of $75,000.00

**PLAINTIFF**

8. **At all times relevant to this Complaint, Plaintiff Antonio Marcus Hudson, 213154, an innocent citizen falsely accused, arrested, and convicted is a Prisoner residing under the Michigan Department of Corrections in violation of the laws and treaties and Constitution of the United States of America. Plaintiff now resides in Luce County, Upper Peninsula of Michigan with a current mailing address of Newberry Correctional Facility, 13747 East County Road, 428, Newberry, Michigan, 49868 .**

9. Plaintiff Hudson is an adult citizen of the United States with a life-long exemplary reputation in the community of honor, leadership, strong spiritual character and great integrity

and no previous contact with the criminal justice system. He has been unable to pursue his gifts in fine arts and literature since incarceration.

**DEFENDANTS**

10. Senior District Judge Arthur J. Tarnow is a United States District Court Judge presiding at the United States District Court, Eastern District, Southern Division of Michigan, Theodore Levin Courthouse Building, 231 West Lafayette Street, Detroit, Michigan 48226, Wayne County, is an individual and resident of this jurisdictional district, is a Senior Judge in the Eastern District and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

11. Senior District Judge Bernard Freidman is a United States District Court Judge presiding at the United States District Court, Eastern District, Southern Division of Michigan, Theodore Levin Courthouse Building, 231 West Lafayette Street, Detroit, Michigan 48226, Wayne County, is an individual and resident of this jurisdictional district, is was a Chief Judge in the Eastern District and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

12. Magistrate Judge Paul Komives is a United States District Court Judge presiding at the United States District Court, Eastern District, Southern Division of Michigan, Theodore Levin Courthouse Building, 231 West Lafayette Street, Detroit, Michigan 48226, Wayne County, is an individual and resident of this jurisdictional district, is a Magistrate Judge in the Eastern District

and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

13. Justice Danny J. Boggs is a United States Circuit Court Judge presiding at the United States Court of Appeals for the Sixth Circuit, Eastern Division of Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, 5th Floor, Cincinnati Ohio, is an individual and resident of this jurisdictional district, is a Senior Judge in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States Circuit Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his

execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

14. Justice Gilbert S. Merritt is a United States Circuit Court Judge presiding at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Judge in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.**

Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

15. Justice John M. Rogers is a United States Circuit Court Judge presiding at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Judge in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited

to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

16. Justice Eric L. Clay is a United States Circuit Court Judge presiding at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Judge in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

17. Judge Robert Leon Jordan is a United States District Court Judge from the Eastern District of Tennessee, presiding by request, at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a District Court Judge, sitting by appointment, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

18. Judge Karl S. Forrester is a United States District Court Judge from the Eastern District of Kentucky, presiding by request, at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street,

Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a District Court Judge, sitting by appointment, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

19. Defendant, Leonard Green, is the Clerk of the Court of the Sixth Circuit Court of Appeals, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Court Official, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States Circuit Court

Clerk his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

20. Roy Ford is a Case Manager in the Court of the Sixth Circuit Court of Appeals, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Court Official, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States Circuit Court Clerk his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional**

**acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

21. Defendant, Yvonne Henderson, is a Case Manager in the Court of the Sixth Circuit Court of Appeals, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Court Official, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States Circuit Court Clerk his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In

addition she did act under the authority or color of federal law when she acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

22. Defendant, Beverly L. Harris, is En Banc Coordinator in the Court of the Sixth Circuit Court of Appeals, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a Court Official, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States Circuit Court Clerk his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition she did act under the authority or color of federal law when she acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in

effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

23. Justice Alice Batchelder is Chief Judge at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, is a District Court Judge, sitting by appointment, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

24. Justice Damon Keith is a Senior Justice at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is an individual and resident of this jurisdictional district, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent and relevant hereto. The Defendant was in fact acting under color of federal law at the time these claims occurred in that while in his official capacity as United States District Court Judge his implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and his execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

25. The En Banc Panel, at the United States Court of Appeals for the Sixth Circuit, Eastern Division, Ohio, Potter Stewart United States Courthouse Building, 100 East Fifth Street, Fifth Floor, Cincinnati, Ohio is all voting Justices and individual and residents of this jurisdictional district, in the Sixth Circuit and was at all times the major, primary perpetrator material, pertinent

and relevant hereto. The Defendants were in fact acting under color of federal law at the time these claims occurred in that while in their official capacity as United States Circuit Court Judges their implementation and execution of Federal Court Rules and for Habeas Corpus Petitioners, and "customs" and/or "policies" and their execution of those "customs and policies" with a "class-based" invidiously discriminatory animus for a "class-of-one", were the moving force behind his unconstitutional acts, **and that personally, their individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known.** Anderson v. United States, (1974), Anderson, supra at 640, 107 S.Ct. at 3039; his judicial immunity is defeated, when "though judicial in nature," his acts are "taken in complete absence of jurisdiction." Mireless v. Waco (1991). In addition he did act under the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

er the authority or color of federal law when he acted in concert with State of Michigan officials, including but not limited to the Michigan State Office of the Attorney General, Assistant Attorney Generals and others, causing harm to the Plaintiff in effecting the deprivation of rights, Dennis v. Sparks, (1980); Bivens v. Six Unknown Named Narcotics Agents, Monroe v. Pape,365 U.S. 167.

26. Defendant, Rick Snyder, Michigan State Governor, and being hereby named in both his individual and official capacities, is an individual and a resident of this jurisdictional district, is a State employee and was at all times material, pertinent and relevant hereto, employed by the

State of Michigan. Current mailing address is: c/o Attorney General Bill Schutte, G. Mennen William Building, 7th Floor, 525 West Ottawa Street, PO Box 30013, Lansing, Michigan 48909. The Defendant was in fact, acting under the authority or color of state law at the time these claims occurred in that while in his official capacity as the Governor of Michigan his execution of Michigan "customs" and/or "policies" were the moving force behind his unconstitutional acts, and that personally, his individual unconstitutional acts violated the clearly established constitutional rights of the Plaintiff of which a reasonable official would have known, Anderson v. United States, and Davis v. Scherer (1984). In addition, acting personally and individually he did act under the authority of color of State law when he acted in concert with other local officials including but not limited to the Defendants' Office of Attorney General, and Assistant Attorney General Debra Gagliardi, The United States District Court, the Sixth Circuit Court of Appeals, and the Parole Board and Barbara Sampson, causing harm to the Plaintiff in effecting the absolute total deprivation of rights in violating of the United States Constitution; Art. III, Cl. 2 Injury-in-Fact; Title VI of the Civil Rights Act of 1964, and Monroe v. Pape.

27. Debra Gagliardi, Assistant Attorney General of the State of Michigan, and being hereby named in both her individual and official capacities, is an individual and a resident of this jurisdictional district, is **a State employee and was at all times material, pertinent and relevant hereto**, employed b the State of Michigan. Current mailing address is, G. Mennem Williams Building, 7th Floor, 525 West Ottawa Street, PO Box 30013, Lansing, Michigan 48909. The Defendant was in fact, acting under the authority or color of State law at the time these claims occurred in that while in her official capacity as the Assistant Attorney General her execution of Michigan's "customs" and/or "policies" were the moving force behind her unconstitutional acts, and that personally, her individual unconstitutional acts violated clearly

established Constitutional rights of the Plaintiff of which a reasonable official would have known, Anderson v. United States, Screws v. United States, Davis v. Scherer (1984). In addition, acting personally and individually she did act under the authority or color of State law when she acted in concert with other local officials and including but not limited to the Genesee County Prosecutors Office, United States District Court Judge Tarnow and the Sixth Circuit Court of Appeals, and the State of Michigan Parole Board , effecting a total and unreasonable "class-based" invidiously discriminatory animus of a "class-of-one" causing harm to the Plaintiff for the total deprivation of rights where he lives as a political prisoner in Michigan Prisons without jurisdiction.

## CAUSE OF ACTION

**First Amendment Retaliation, Bivens; Fourteenth Amendment Equal Protection; Violation of Due Process and Deprivation of Rights, Fifth Amendment; Violation of Sixth and Eighth Amendments; Violation of Thirteenth Amendment and Acts of Involuntary Servitude. Bivens v. Six Unknown Named Narcotic Agents.**

Plaintiff Antonio Marcus Hudson repeats and alleges each of the allegations contained in the foregoing pleadings: Administrative Demand Default Opportunity to Cure; Affidavit of Inquiries; Statement of Facts and Claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Antonio Marcus Hudson, 213154 respectfully requests that this Court Enter Judgment against the Defendants the United States District Court, The Sixth Circuit Court Appeals and the State of Michigan. (1) A preliminary and permanent injunction restraining the Defendants from violation of the Habeas Corpus Act. (2) Immediate return to the lower Peninsula and an Evidentiary Hearing on these issues; (3) Expunging of all felony charges from Plaintiff's records upon Relief or Release; (4) Compensatory damages no less than One Hundred Fifty Million Dollars or an amount the Court deems proper based upon a Jury Trial; Punitive damages up to Five Hundred Million Dollars as the Court deems proper based upon a Jury Trial;

(5) Relief stated in Administrative Demand Default Opportunity to Cure and Statement of Facts and Claims. (6) All pretrial and post-trial interest on any and all monetary relief awarded to Plaintiff; (7) All other Relief to which the Plaintiff is entitled.

All Rights Reserved Without Prejudice. UCC 1-308.

Respectfully Submitted

Antonio Hudson

Declarant-Plaintiff

NOTARY PUBLIC:

Karen M. Arthur

Date: June 7, 2013

[Place Seal Here]

KAREN M. ARTHUR
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Feb 3, 2020
ACTING IN COUNTY OF Genesee

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT**
**SOUTHERN DIVISION**

ANTONIO MARCUS HUDSON
DECLARANT PLAINTIFF

CIVIL RIGHTS COMPLAINT

**v.**

HONORABLE ARTHUR J TARNOW, et.al.
SIXTH CIRCUIT COURT OF APPEALS, et. al.
STATE OF MICHIGAN et. al.

PROOF OF SERVICE

Now comes Antonio Marcus Hudson and states he has placed a Copy of the Civil Rights Complaint, Summons in a Civil Action, Affidavit of Inquiries, Administrative Demand Default Opportunity to Cure; Civil Complaint, in the First-Class Mail on today's date by way of his Agent to the best of his knowledge and beliefs, to The Clerk of the United States District Court, 600 Church Street, Flint, Michigan; United States Attorney, 211 W. Fort Street Suite 2300, Detroit, Michigan; Eric Holden, Director Office of Attorney General, Department of Justice, 10th & Pennsylvania Avenue, N.W., Washington, D.C; Clerk of the Court, Sixth Circuit Court of Appeals, Potter Stewart U.S. Courthouse, 100 Fifth Street, 5th Floor, Cincinnati, Ohio; Office of the Attorney General, 525 Ottawa Street, Lansing, Michigan 48909

Respectfully Submitted,

Antonio Hudson

Antonio Marcus Hudson, 213154
Newberry Correctional Facility
13747 East County Road, 428
Newberry, MI 49868

Notary Public
Karen M. Arthur
June 7, 2013

Date:

KAREN M. ARTHUR
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Feb 3, 2020
ACTING IN COUNTY OF Genesee

## STATEMENT OF FACTS

Plaintiff/Declarant is an inmate at the Newberry Correctional Facility (NCF) illegally serving Sentences imposed by the Genesee County Court, on November 21, 1990. Sentences of 15-30 years for Criminal Sexual Conduct-First Degree; 15-30 years for two Counts of Kidnapping-First Degree and one Count of Assault. There are extreme Constitutional violations which were upheld against the Declarant/Plaintiff to keep him incarcerated, through the illegal Orders given by the Honorable ARTHUR J. TARNOW, UNITED STATES DISTRICT COURT, EASTERN DISTRICT, SOUTHERN DIVISION, 231 WEST LAFAYETTE BOULEVARD, ROOM 124, DETROIT, MICHIGAN 48226 and illegal Orders given by the JUDGES OF THE SIXTH CIRCUIT COURT OF APPEALS, CLERK OF THE COURT AND CASE MANAGERS, MEMBERS OF THE EN BANC PANEL; EN BANC COORDINATOR,

Pursuant to the Order and Opinions September 15, 1999; March 29, 2002; January 3, 2003; February 15, 2008; and April 30, 2008, Civil Case No. 99-CV-73834-DT by Judge Arthur J. Tarnow and witnessed by the Clerk of the Court:

## AFFIDAVIT OF INQUIRIES

**1. Has Judge Arthur J. Tarnow unlawfully upheld the conviction with regard to the HABEAS CORPUS Civil Suit No. 99-CV-73834-DT under the protection of Uniform Federal Law 28 USCS 2254 (a) (b)(c) as a State Prisoner, to which the Bonds of Conviction are listed as these: O.R.I.-MI-250015J,-S.I.D.-1532630A, and C.T.N.-25-0123584, DOB. 1-07-71, in violation of the MANDATE RULE(S) on REMAND for Collateral Review of the August 3, 2004 Order of the Sixth Circuit Court of Appeals Pursuant to Procedural Rule 34(j)? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violation liability to this Claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**2. Has Judge Arthur J. Tarnow using his FEDERAL TENURE violated the INSURANCE CODE OF 1956, of Public Act No. 170 of the Public Acts of 1964, being Sections 691.1401 to 691.1415 of the Michigan Compiled Laws. INSURANCE CODE M.C.L.A. 500.214 Section (9) (a) "Gross Negligence" and (b) "Representative" acting in their professional capacity. In accordance with 5 USCS 556 (d) Admission of Guilt, 28 USCS 8 (d) Commercial Tort Claim, U.CCC. 9-101 and Common Law Liens of former 9-104 (b), (j), Paragraphs 1 and 11 of Subsection (d) old former Section 9-104 (c) Subsection (d) (2) under former 9-104 (c) Subsection (d) (2) of New 9-33 and 9-402. Using his FEDERAL TENURE to suspend the Plaintiff's rights to HABEAS CORPUS under the UNITED STATES CONSTITUTION as a direct prejudicial and discriminatory act of USURPATION Denying the MANDATE RULE for the Denial of Review secured by Federal Law Pursuant to 18 USCS 3721, Conspiracy? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by ARTHUR J. TARNOW, P21270.**

**3. Has Judge Arthur J. Tarnow unlawfully held for (7) seven years after the date of being a timely filed Habeas Petition of June 3, 1999 without collateral review, nor a Response from the Attorney General until November 21, 2006, given in Default beyond the October 31, 2005 Date of the Order of the U.S. District Court, violating all Due Process rights according to the UNITED STATES CONSTITUTIONAL LAW under the 5th, 6th, and 14th Amendments? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this Claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**4. Has Judge Arthur J. Tarnow violated Federal Law 18 USCS 1621 Perjury to the Oath of Office Contract to uphold the Constitution by closing his eyes to the duty to discharge all Rulings in this matter in accord with the Constitution? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**5. Has Judge Arthur J. Tarnow violated Federal Law 18 USCS 1001 giving false Statements within his Official Jurisdiction to Deny Plaintiff's claim of actual, factual innocence which is secured through his Constitutional right to HABEAS CORPUS REVIEW with an appropriate Constitutional review of the underlying merits of Plaintiff's claims? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violation liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**6. Has Judge Arthur J. Tarnow violated the Law-of-the-Case-on-Appeal Doctrine, using abuse of discretion, prejudice, discrimination, bias Dismissing the Habeas Petition as untimely pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2), without an Evidentiary Hearing on evidence of timely filing from the record and evidence supporting all claims of actual, factual innocence as required by law? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**7. Has Arthur J. Tarnow violated his Oath of Office Contract where (using) his conduct under color of federal law was a primary discriminatory fact of record to deliberately and willfully foreclose Plaintiff's access to the Writ of Habeas Corpus Review entitled under Federal Law and violating Article I, Section 9, Clause 2 of the Suspension Clause of the United States Constitution? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**8. Has Judge Arthur J. Tarnow violated Plaintiff's HABEAS CORPUS REVIEW by the force of a Procedural limitation against Plaintiff even after it had been removed by the Sixth Circuit Court of Appeals Decision in Abela v. Martin, 348 F. 3d. 164 (Oct. 2003)? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**9. Has Judge Arthur J. Tarnow acting under color of law deprived the Plaintiff of all his Rights in Federal Court, equal protection under the law, equal civil rights, protection of civil rights and enforcement of his rights under the United States Constitution and Federal Statutory Laws? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**10. Has Judge Arthur J. Tarnow violated the distinct purpose of collateral review, under AMENDMENTS Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth of the United States Constitution, and rules that invalidate proscription on private, primary conduct. Also, rules that affect procedural guarantees implicit in the concept of ordered liberty or the protection of procedural elements to which all defendants are entitled, United States v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed. 2d. 697 (1987)? The Declarant/Plaintiff Says (YES).**

**If no other answer is given to the Constitutional violations liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**11. Has Judge Arthur J. Tarnow violated the Granted Relief pursuant to 28 USCS 2244 (d) (1)(A) and (d)(2) on August 3, 2004 denying the SIXTH CIRCUIT ISSUED MANDATE OF SEPTEMBER 13, 2004, under the protection of Uniform Federal Law 28 USCS 2254 (b)(c) as a State Prisoner under REMAND? The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violation, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**12. Has Judge Arthur J. Tarnow violated the right to HABEAS CORPUS RELIEF in his PERSONAL CAPACITY, OFFICIAL CAPACITY, BOTH CAPACITIES in his September 15, 1999, March 29, 2002, January 3, 2003, February 15, 2008 and April 30, 2008 Decisions as a 28 USCS 2254 matter also changing the Petition on Dismissal to a 28 USCS 2255 CAPTION or matter when Denying the collateral review pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2) of the AEDPA of 1996? The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is**

**assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**13. Has Judge Arthur J. Tarnow violated the Title 27 C.F.R. 72.11 Truth in Commerce, all crimes are COMMERCIAL CRIMES to his oath by not establishing everything in commerce MUST BE IN TRUTH. Further, has Judge Arthur J. Tarnow upheld this Conviction without any investigation into the validity of the charges or claims filed in any said court, whether Federal, State, County, or City in regards to the aggrieved party? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**14. Has Judge Arthur J. Tarnow violated Title 18 Section 242 CRIMES and Arrest; also deprivation of rights, Sec. 241. When an officer knowing a conviction to be illegal, groundless or fictitious, willfully uses his authority and such as an instrument for the direct deprivation of the rights of the accused to his liberty and a violation of this Section, and neither threat nor violence is a necessary ingredient of the offense under the circumstances? Acting under color of federal Law in conspiracy with the State of Michigan in violation of Sec. 241 acted vehemently and wantonly to prevent "the free exercise or enjoyment of any right or privileged secured to any person by the Constitution or laws of the United States." Screws v. United States, 325 U.S. 91, 65 S. Ct. 1031, Supra (1945). The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**15. Has Judge Arthur J. Tarnow violated the Rule of Mandate under the 6th Circuit I.O.P. 41—Issuance of the Mandate (a) The Mandate is the document which authorizes the originating DISTRICT COURT OR agency to enforce the Judgment of This Court, to violate this is a violation of the "Oath of Office" to uphold the United States Constitution and will support the charge of perjury, as a violation of 18 USCS 1621 and 18 USCS 1001 False Statements within their Official Jurisdiction? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**16. Has Judge Arthur J. Tarnow enhanced the Sentence of Antonio Marcus Hudson, Pro Se Petitioner, with an actual, factual innocence claim for relief, pursuant to 38 A.L.R. Fed. 617, 2(a), (1978); <u>Morgan</u> , 346 U.S. at 509, 15, 74 S.Ct. 247 (quoting <u>USA</u> v. <u>Peter</u>, (11th Cir, 10-28-02), Id. At 734); <u>Spencer</u> v. <u>Kemna</u>, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed. 2d. 43 (1998), <u>U.S</u>. v. <u>Mayer</u>, 235 U.S. 55. 69, (1914), <u>Pollard</u> v. <u>U.S.,</u> 325 U.S. 354, and after declaring Plaintiff has demonstrated a substantial showing of a violation of a Constitutional right, operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid and that the United States District Court**

**Decision cannot be upheld where the fundamental character of the Court adjudicated guilt upon the Petitioner? The Declarant/Plaintiff says (YES).**

**If no other answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**17. Has Judge Arthur J. Tarnow forced consecutive sentences upon the Plaintiff in violation of the United States Constitution where the Court has stated "a prisoner is in custody in violation of the Constitution if any consecutive sentence the prisoner is scheduled to serve was imposed as a result of a deprivation of a Constitutional right." Id. At 64-65, Peyton v. Rowe, 391 U.S. 54, 20 L. Ed. 426, 88 S.Ct. 1549 (1968), Id. At 64-64. The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**18. Has Judge Arthur J. Tarnow violated the Plaintiff's right to HABEAS CORPUS RELIEF where he executed extreme prejudice and racial discrimination, bias and collusion with the State of Michigan, as shown by the Sixth Circuit and United States District Court Records, performing Habeas Corpus Review of the underlying merits of all other Prisoners' claims on Remand from the Sixth Circuit from June 3, 1999 through April 30, 2008 and specifically August 3, 2004 through April 30, 2008, while simultaneously withholding and denying this Constitutional Right to Habeas Review to the Plaintiff as being targeted as one single "African American" Prisoner to violate under 'color of law.' The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW,P21270.**

**19. (A) Has Judge Arthur J. Tarnow with forethought, vehemently and wantonly assisted the State of Michigan in its fraud before the United States District Court where he turned a blind-eye to the incomplete State Court Record submitted under Rule 5 by the State of Michigan and the State of Michigan's prejudicial violation of 28 USCS 2254(b) hiding the issuing of the Michigan State Court of Appeals Mandate issued July 15, 1997 *ending the Direct Appeal of Right and giving jurisdiction to the Michigan Supreme Court*, allowing the violation under 28 USCS 2244 (d)(1)(A) and (d)(2) by the State of Michigan in its Motion to Dismiss the Plaintiff's Habeas Corpus Petition for failure to comply with AEDPA of 1996; (B) further allowing and assisting the State of Michigan in its racists-driven attack against the Petitioner to deny him any and all access to the Federal Courts for Habeas Corpus Relief; and further ignoring the timely filed "True Copy" of the Michigan State Court of Appeals *July 15, 1997 Mandate* submitted attached to the Plaintiff's September 4, 2001 Amended Habeas Corpus Petition proving that there has never been a default in this matter pursuant to the AEDPA of 1996 as the Plaintiff was not eligible for Federal Habeas Corpus Relief on May 23, 1996 the date claimed in the State of Michigan's Motion to Dismiss the Petition, in violation of 28 USCS 2254 (b)(c) and (d)(8); and the United States Supreme Court has reaffirmed its Ruling in Jimenez v. Quaterman,**

129 S. Ct. 681 (2009), "no state prisoner may seek habeas corpus relief in Federal Court until after the State Court of Appeals issues its mandate and the prisoner has exhausted all state court grounds for relief," where the Plaintiff's conviction and sentence did not become final after the Michigan State Supreme Court denied his Delayed Application for Appeal on July 28, 1998; the Plaintiff did not seek certiorari in the United States Supreme Court and his conviction and sentence became final at the end of that period for seeking such Relief, 90 days thereafter on October 29, 1998 and he had until October 29, 1999 in which to timely file a Habeas Petition in Federal Court pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2) of the AEDPA of 1996; the Plaintiff filed his Habeas Petition on June 3, 1999, meeting the one-year filing requirement under the AEDPA of 1996, and it cannot be declared untimely pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2). Sinotes-Cruz v. Gonzales, 468 F. 3d. 1190 (2006). Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072; 155 L.Ed. 2d. 88; (2003); (The U.S. Supreme Court found "that the one-year limitation period allotted to petitioner started to run when the time for seeking a writ of certiorari with the U.S. Supreme Court on direct review expired)." Carey v. Saffold, 536 U.S. 214; 122 S.Ct. 2134; 153 L. Ed. 2d. 260 ( 2002); (the U.S. Supreme Court found the word "pending" covered the time between a lower court's decision and the filing of a notice of appeal to a higher state court." The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.

20. Has Judge Arthur J. Tarnow forced consecutive sentences upon the Plaintiff in violation of the United States Constitution (by suspension of the habeas petition in violation of Art. 1, Sec. 9, Cl. 2 of the United States Constitution on August 3, 2004) where the Court has stated "a prisoner is in custody in violation of the Constitution if any consecutive sentence the prisoner is scheduled to serve was imposed as a result of a deprivation of a Constitutional right." Peyton v. Rowe; Monroe v. Pape, 365 U.S. 167; 81 S.Ct. 473; 5 L. Ed. 2d. 492 (1961).

21. Has Judge Tarnow proceeded through a class-based invidiously discriminatory animus where Declarant-Plaintiff is a class of one, violating his Oath of Office Contract, when setting aside the Order of Remand of a higher Court in violation of the Prior Panel Rule, United States v. Campbell, 168 F. 3d. 263, 265 (6th Cir.); Landgraft v. USI Film Products, 511 U.S. 244, 114 S. Ct. 1079; 166 L.Ed. 2d. 924 (2007); Abela v. Martin, 348 F. 3d. at 164,172-73 (2003), Law on Retroactive Application on Collateral Review pursuant to Teague v. Lane, the Law-of-the-Case-on-Appeal Doctrine, Art. III, Cl. 2 Injury-in-Fact

22. (A) Has Judge Arthur J. Tarnow violated the Petitioner's civil rights and rights to due process and equal protection under the law when he failed to consider Plaintiff's evidence of actual, factual, lack of probable cause or propensity to commit a crime; actual innocence and meritorious claims of false arrest without probable cause, arrest based upon subornation of perjury and entrapment and unreasonable, search and seizure in violation of his Fourth Amendment rights pursuant to (Bivens) by United States Marines in collusion with corrupt Police Detective; The Police Detective told the Plaintiff's Mother on the day of his arrest, "I can make an innocent man guilty. I am the law. Your son is going

**to prison, if you don't believe me, just come to Court and see what I do;" This was the response when he was asked about the charges and who was accusing the Plaintiff and refused to respond and when she said, "you just can't make an innocent man guilty," he gave his threat against the Plaintiff to use his power under color of law to convict him; (B) no material evidence in which to bring charges, no signed Complaint or Affidavit by any alleged Victim against the Plaintiff; an illegal photograph was placed in a Crimestopper Ad in the Flint Journal Newspaper by the corrupt and racist Police Detective accusing the Plaintiff of CSC and Assault which he manufactured to pull Plaintiff into his case with Co-Defendants unknown to Plaintiff; no identification in a lineup as required by law; no Police report or medical report of a CSC, Assault or Kidnapping given against the Plaintiff by any alleged Victim; Plaintiff was forced to attend a Preliminary Examination to bare the burden of the charges against the Co-Defendants in this matter when he was not officially a co-defendant; two months after being bound over for Trial the Prosecutor made a motion making him a Co-defendant in a secret hearing with the Trial Judge; two counts of first degree kidnapping were also added to his charges in a secret meeting between the Trial Court and the Prosecutor were no evidence was presented at the Preliminary examination to support such charges; after Preliminary examination ended Prosecutor entered aiding and abetting with no supporting evidence to the Plaintiff's illegal CSC and Assault charges; (C) jury tampering by the Prosecutor and Trial Court with illegal seating of the Plaintiff's jury, evidence submitted under House v. Bell, 126 S. Ct. at 1078-79, that proved the alleged Victim committed subornation of perjury for the Government and the evidence seriously undercut the State's case against the Plaintiff; no medical evidence or evidence of any injury due to sexual penetration or penetration of any kind justifying a charge against the Plaintiff;**

**(D) evidence withheld by the Prosecutor from the CoDefendants' Trial in which the alleged Victim's Personal Physician gave testimony that her injury was not received on the date alleged by the Government, January 15, 16, or 17, 1990, and could not have been sustained on the dates alleged by the Government in the presence of the Plaintiff nor was Plaintiff charged with the injury in this matter;(E) the alleged Victim told her personal physician "she received the injury on her hip over the weekend of January 29, 1990 as a result of being robbed;" United States v. Winter , 33 F. 3d. 720, 722 (1994), is "a statement made before the declarant has opportunity to contrive or misrepresent" and should be accepted as true as it was given long before the alleged Victim was contacted by the Police to be pulled into their plot of subornation of perjury; the State Prosecutor admitted on the Record the Witness was not credible enough to bring first degree criminal sexual conduct charges against any citizen on her word alone and therefore used false testimony creating a fraud against the public trust when Jermaine Hammond was forced to lie for the Government and say he saw the Plaintiff rape the alleged CSC Witness; the State of Michigan lacked jurisdiction to bring any charges against the Plaintiff. Hammond has given the Plaintiff three Affidavits of Subornation of Perjury admitting he was coerced by the Police and Prosecutor to give false testimony to get an indictment and conviction against the Plaintiff; the evidence was not reviewed during direct appeal of right nor post-conviction appeal in the State Courts.**

**(F) Testimony from the Taxi Cab Dispatcher from the CoDefendants' Trial withheld by the Prosecutor which demonstrated the alleged Victim committed subornation of perjury for the Government and was not picked up by the cab company from the alleged crime scene vicinity, January 15, 16, or 17, 1990 as she testified to at the Plaintiff's Trial; the Plaintiff submitted three Affidavits of the State's Main eyewitness Hammond recanting the testimony used to bring illegal charges against the Plaintiff swearing to Government-forced subornation of perjury; the State had no direct evidence to link the Plaintiff to the charge of rape; the State failed to make a case due to insufficiency of the evidence; the State offered no direct evidence (dna or forensic proof ) of a rape; there is no medical or any evidence of an injury to the alleged Victim due to sexual penetration of any kind; (G) the State entered a photograph into the CoDefendants' trial and later used it in the Plaintiff's trial as proof of CSC; the photograph was entered with substantial injurious effect to the Plaintiff, a violation pursuant to <u>Herrera</u> v. <u>Collins</u>; it was the wrong use of the evidence by the State; <u>the Trial Court allowed the photograph</u> into evidence as proof of first degree CSC which was made of the isolated injury sustained at some unknown time by unknown parties; there is a preponderance of the evidence that the alleged rape victim suborned perjury for the State; (H) the Prosecutor also practiced prior bad acts tactic against the Plaintiff to create propensity evidence to wrongly influence his jury; the Prosecutor asked the Police Detective at the CoDefendants' trial who did a State Witness Hammond say burned his feet? The Police Detective answered, "Moore, Murray and White;" the Prosecutor put the same Police Detective on the Witness Stand at the Plaintiff's Trial, a month later, to wrongfully accuse Plaintiff of the same act; the Prosecutor asked the Police Detective who did State Witness Hammond say burned his feet? The Police Detective answered, Moore, Murray and Antonio Hudson;" This is a bad acts tactic under the Winship Principle; A Prosecutor has a duty to inform the Court when he is aware an innocent party is being accused which may overturn the conviction;**

**(I) Kathy Westrock testified that she was on a date with the Plaintiff at the time that the alleged crime against the alleged rape Victim was said to have been committed; Mary Moore testified that she visited the alleged crime scene at East Stewart Street each day over the period the alleged crime was to have taken place and saw nothing out of order in the home January 15, 16 and 17, 1990; Craig Halbert a friend of the Plaintiff testified that he visited the Plaintiff at his home at 1510 West Dartmouth during the days when the alleged crime was to have taken place and saw him in the house with the workmen who were hired to rehab the house; Marva Hudson testified that she called home daily 8:00 a.m. to 4:00 p.m. and the Plaintiff was there in the house with the workmen each day during the period and time the alleged crime was said to have been committed; Also, she was there at 5:00 p.m. after getting off work and knows for certain that Kathy Weststrock came to the house and picked the Plaintiff up in her car and they remained out until about 12 midnight on January 16, 1990; she then went home and called the Plaintiff and they talked on the telephone for over an hour past 1:00 A.M. that next morning; (J) Doug Booth owner of ABC Plumbing Company hired to rehab the home at 1510 West Dartmouth testified at the Plaintiff's trial that he stopped by the house every day from January 7 through January 30, 1990 while the rehabbing of the home was taking place and that the Plaintiff was always present; he was there at 8:00 A.M. to let the workmen into the premises and remained there each day until they ended their daily work at 4:00**

**P.M.; None of the Plaintiff's Witnesses could have been impeached and their testimony cannot be automatically categorized as cumulative; Petitioner would have had only one free hour to visit the Stewart Street address between 4:00 p.m. and 5:00 p.m.; this is not enough time for him to participate in a three-day episode of crime as contended by the State;**

**(K) Judge Tarnow ignored the quality of the Plaintiff's evidence where the alibi witnesses statements added a great deal of substance and credibility to corroborate Plaintiff's claim of actual, factual innocence; Crisp v. Duckworth, 743 F. 2d. 580, 587 (1984); trial court misconduct, deprivation of rights to counsel which require automatic reversal of the conviction pursuant to Brecht v. Arahamson, 507 U.S. 619; the Court stated, "at the end of the spectrum of Constitutional errors lie structural defects in the constitution of the trial mechanism which defy analysis by "harmless error standards"; (Kotteakos v. United States, 328 U.S 750, 776, 90 L. Ed. 1557, 66 S. Ct. 1239, the Court held "the *Kotteakos* 'harmless error standard rather than *Chapman* Standard' applies in determining whether habeas corpus relief must be granted because of Constitutional trail error);" ineffective assistance of trial counsel, conflict of interests, prosecutorial misconduct—error in conduct of a prosecuting attorney…where conduct was pronounced and persistent and case against the defendant was not strong depending upon testimony of alleged accomplish with a long criminal history—this is an error wanting Reversal, Berger, 295 U.S. 78; and attorney abandonment by defense and appellate attorneys and government collusion with Defense Attorneys, Appellate Attorney, Trial Court and Prosecutors 'under color of law' which entitled the Plaintiff to (Reversal), equitable tolling, and Review of his Habeas Corpus claims, West v. Atkins, 487 U.S. 42, 48 108 S.Ct. 2250, 101 L. Ed. 2d. 40 (1988), Espinoza-Mathews v. Cal, Schulp v. Delo, 513 U.S. at 298, 327, 328 (1995); Brady v. Maryland, 373 U.S. 83, 10 L.Ed. 2d. 215, 83 S.Ct. 1194 (1963), Murray v. Carrier, 477 U.S. at 495-96, 91 L. Ed. 397, 106 S.Ct. 2639.**

**(L) The Trial Court operated behind the Scenes preventing all Attorneys who called the Courthouse to get information on the Plaintiff's case as his Mother tried to hire representation for trial, not to take the case and not to sign on the case as Attorney of Record. When the Mother managed to hire a veteran defense attorney, he was given a retainer and they traveled together to the Courthouse for him to sign on the case as "Attorney of Record." the Trial Court personally interrupted and called him into his Chambers and Ordered him off the case and told him he would not allow him to sign on the case as Attorney of Record." The Defense Attorney showed signed Contract and proof of Retainer and was forced to leave his client in the hands of the Trial Court's friend appointed to assist the Prosecutor in getting a conviction against the Plaintiff; this court-appointed attorney told the Plaintiff, "I am not risking my career for you, I'm taking my orders for the Judge and the Prosecutor;" The Court-appointed Attorney stood in front of the Plaintiff's Jury and told them numerous times, "he believed the Plaintiff was at the crime scene and committed the acts he is accused of, leaving the scene around 11:00 p.m;" this is a violation of U.S. Petitioner v. Cuauhtemoc Gonzalez-Lopez, 126 S. Ct. 2557, 165 L.Ed. 2d. 409 (2006); Strickland v. Washington, Douglas v. Cal.; 18 USC 241 and 242.**

23. Has Judge Arthur J. Tarnow violated the right to HABEAS CORPUS RELIEF in his PERSONAL CAPACITY, OFFICIAL CAPACITY OR BOTH pursuant to the claims in the attached Administrative Demand and Notice to the Agent and Principal? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.

24. Has Judge Arthur J. Tarnow violated Title VII of the Civil Rights Act of 1964, "the legal rights language has now been dispensed with…the Court announced that parties had standing when they suffered "injury-in-fact" to some interest, economic or otherwise, that is arguably within the zone of interest to be protected or regulated by the Statute or Constitutional provision in question. Now political, environmental, aesthetic and social interests, when impaired, afford a basis for making Constitutional attacks upon Governmental action." 504 U.S. 555. There must be a causal connection between the injury and the conduct complained of; that is, the Court insists that the Plaintiff show "but for" the action, s/he would not have been injured, and the Court has insisted that there be "a substantial likelihood" that the relief sought from the Court if granted would remedy the harm." 432 U.S. 262. The injury-in-fact in an equal protection case…is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate liability to obtain the benefit. The Plaintiff has presented undeniable evidence that Judge Arthur J. Tarnow violated with vehement intent, behavior and actions Plaintiff's rights to Habeas Corpus review of his Original Habeas Corpus Petition in the United States District Court. The Declarant/Plaintiff says (YES).

If no answer is given the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.

25. Has Judge Arthur Tarnow denied the Plaintiff protection due every citizen by violation of his Fifth Amendment rights in Federal Court which states no person shall be deprived of life, liberty, or property without due process of law. Due process is denied when a meaningful hearing is denied as in this cause. The Plaintiff was denied habeas corpus review from June 3, 1999 to April 3, 2008. Judge Tarnow violated the Remand Order and Mandate from the Sixth Circuit with a heedless refusal to proceed; no discovery; no evidentiary hearing; no step one or step two procedures ordered. The Declarant-Plaintiff says (YES).

If no answer is given the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270

26. Has Judge Arthur Tarnow violated the Declarant-Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth and Fourteenth Amendment Constitutional Rights under color of federal law and addressable pursuant to Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), and 18 U.SC. Sec. 241, Sec. 242, Sec. 1985, Sec. 1986. The Declarant-Plaintiff says (YES).

**If no answer is given the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

**27. Has Judge Arthur Tarnow violated the civil rights act pursuant to Bivens v. Six Unknown Named Narcotic Agents, giving right of action against any person who under color of law, custom or usage subjects another to deprivation of any rights, privileges or immunities secured by the Federal Constitution. This was a wanton, intentional, perverse ongoing act of deprivation of rights of the Plaintiff effectively adding 14 years to his Sentence and Conviction. The Declarant-Plaintiff says (YES).**

**If no answer is given the Constitutional violations, liability to this claim is assumed by JUDGE ARTHUR J. TARNOW, P21270.**

## STATEMENT OF FACTS

Plaintiff/Declarant is an inmate at the Newberry Correctional Facility (NCF) illegally serving Sentences imposed by the Genesee County Court, on November 21, 1990. Sentences of 15-30 years for Criminal Sexual Conduct-First Degree; 15-30 years for two Counts of Kidnapping-First Degree and one Count of Assault. There are extreme Constitutional violations which were upheld against the Declarant/Plaintiff to keep him incarcerated, through the illegal Orders During Appeal given by the HONORABLE JUSTICE(S) ROBERT LEON JORDAN, ERIC L. CLAY, JOHN M. ROGERS (2009); CLARENCE MADDOX , DANNY J. BOGGS, (2009); PRESENTING VOTING MEMBERS: BATCHELDER, NELSON-MOORE, GILMAN, GIBBONS, ROGERS, SUTTON, (15 MEMBERS EN BANC PANEL) (2008, 2009, 2011); KARL S. FORRESTER, GILBERT S. MERRITT, JOHN M. ROGERS, (2011), ENTIRE JUDGES OF THE SIXTH CIRCUIT COURT OF APPEALS, (2011); LEONARD GREEN, CLERK OF THE COURT, ROY FORD, YVONNE HENDERSON, CASE MANAGERS; BEVERLY L. HARRIS, EN BANC COORDINATOR (2009).

Pursuant to the Order and Opinions September 15, 1999; March 29, 2002; January 3, 2003; February 15, 2008; and April 30, 2008, Civil Case No. 99-CV-73834-DT by Judge Arthur J. Tarnow and witnessed by the Clerk of the Court and during Appeal to the Sixth Circuit Court of Appeals pursuant to the Sixth Circuit's Orders: Case No. 08-1464 and 08-1471, Dismissed May 5, 2008; Complaint No. 08-6-351-15, Denied/ Affirmed May 27, 2009, Appeal Denied/Affirmed June 4, 2009; Case Nos. 08-1647-(Not Reviewed) and 08-1705, Dismissal Affirmed June 7, 2009; En Banc Rehearing Denied, September 11, 2009; Case No. 10-1984 Dismissal: Case No. 10-1984, 28 USCS 2244 Motion Second/Successive, Withdrawn and Cancelled by Petitioner, February 28, 2011; Affirmed, June 7, 2011; Case No. 10-1984 Rule 60 (b)(6) Motion filed March 1, 2011 by Petitioner, Denied Without Hearing, June 7, 2011; Rehearing Denied, June 20, 2011; Appeal and Petition for Mandamus Denied, July 6, 2011.

## AFFIDAVIT OF INQUIRIES

**1. Has the Sixth Circuit Court of Appeals violated the right to HABEAS CORPUS RELIEF, each Justice, in his PERSONAL CAPACITY, OFFICIAL CAPACITY OR**

**BOTH, pursuant to the Claims in the above-stated Inquiries and attached Administrative Demand and Notice to the Agent and Principal? The Declarant/ Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**2. Has the Sixth Circuit Court of Appeals, when on February 28, 2011 the Petitioner submitted his Request to Cancel and Withdraw his erroneously filed 28 USCS 2244 Motion Second/Successive to Reinstate an Original Habeas Corpus Petition for Remand to the United States District Court pursuant to Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000); the Petitioner's rights to Withdraw and cancel the 28 USCS 2244 Motion were deliberately violated pursuant to the Antiterrorism and Effective Death Penalty Act of 1996. Plaintiff was violated pursuant to Benson v. Sava, U.S. Dist. Ct. Southern Dist. NY. 1986, LEXIS 18814; United States v. Emmanuel, 288 F. 3d. 644, 649 (4th Cir. 2002); Henderson v. United States, 264 F. 3d. 709, 711-12 (7th Cir. 2001); United States v. Seesing, 234 F. 3d. 456, 463-64 (9th Cir. 2000); United States v. Kelly, 235 F. 3d. 1238, 1242 (10th Cir. 2000); United States v. Miller, 197 F. 3d. 644, 652 (3rd. Cir. 1999); Adams, 155 F. 3d. at 584; O'Ryan Castro v. United States. 290 F. 3d. 1270 (11th Cir. 2002) when the Sixth Circuit failed to Cancel and Withdraw the erroneous 28 USCS 2244 Motion on February 28, 2011? The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**3. Has The Sixth Circuit Court of Appeals, on February 28, 2011 perpetrated a fraud in this matter and demonstrated a substantial violation of the Petitioner's Constitutional rights, operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid and that the United States Court of Appeals Decision cannot be upheld where the fundamental character of the Court adjudicated guilt upon the Plaintiff and the Order of June 7, 2011 was adverse and actually fraudulent as no "LIVE" 28 USCS 2244 Motion was properly before the Court after February 27, 2011, Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000). The Declarant/Plaintiff says (YES)**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**4. Has the Sixth Circuit Court of Appeals, on March 1, 2011 perpetrated a fraud in this matter and demonstrated a substantial violation of the Petitioner's Constitutional rights, operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid pursuant to Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000), failure to cancel and withdraw the erroneous 28 USCS 2244 Motion Second/ Successive and forcefully Reviewed it on June 7, 2011 was adverse and actually**

fraudulent pursuant to the United States Supreme Court in United States v. Juvenile Male, 581 F. 3d., 977, "we conclude that the Court of Appeals had no authority to enter that judgment because it had no live controversy before it? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.

5. Has the Sixth Circuit Court of Appeals violated the Petitioner's First, Fourth, Fifth, Sixth, Seventh, Eighth Thirteenth, and Fourteenth Amendment Rights of the United States Constitution where it perpetrated a fraud in this matter when it did not Cancel and Withdraw the Petitioner's erroneous 28 USCS 2244 Motion Second/Successive, submitted under the instruction and guidance of Case Manager Roy Ford, on February 28, 2011 submitted pursuant to Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000) and the United States Supreme Court precedence in Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015, U.S. LEXIS 1042 (1936), "It is the duty of the Courts to be watchful for the Constitutional rights of the Citizen, and against any stealthy encroachments thereon. There is no place in our Constitutional system for the exercise of arbitrary power;" Garfield v. United States ex rel Goldsby, 211 U.S. 249, 262, 29 S. Ct. 62, 66? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.

6. Has the Sixth Circuit Court of Appeals violated the Petitioner's right of withdrawal of the 28 USCS 2244 Motion Second/Successive where the United States Supreme Court states "a dismissal must be granted if no prejudice be shown beyond the prospect of another suit; and the right to dismiss is absolute, it does not depend on the reasons which the plaintiff offers for his action;" therefore the 28 USCS 2244 Motion should have been canceled and withdrawn immediately at the Plaintiff's request. Exparte Skinner and Eddy Corp, 265 U.S. 86, 44 S.Ct. 446, 448? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.

7. Has the Sixth Circuit Court of Appeals violated the Plaintiff's rights during Appeal where it practiced "a heedless refusal to proceed" in Review of the properly filed, March 1, 2011 Rule 60 (b)(6) Motion Challenging the Judgment of the United States District Court Order which prevented Habeas Corpus Review on April 30, 2008, Will, 437 U.S. at 667; Bleitner v. Wellborn, 15 F. 3d. 652, United States v. Howard, 1997 U.S. App. LEXIS 31086 (6TH Cir. 1977); Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L. Ed. 2d. 299 (1991) contrary to Supreme Court precedence for cases on collateral review? The Declarant/Plaintiff says (YES).

**If no answer is given to the Constitutional violations liability to this claim is Assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**8. Has the Sixth Circuit Court of Appeals violated United States Supreme Court precedence in its Holding in Gonzalez v. Crosby, 545 U.S. 524; 125 S.Ct. 2641 (2005) where it failed to schedule the properly filed Rule 60 (b)(6) Motion, pursuant to Artuz v. Bennett, for Review on March 1, 2011 and the Court stated, "In the context of 28 USCS 2244 (b), when no "claim" is presented, there is no basis for contending that the Rule 60 (b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Nothing in Calderon v. Thompson, 523 U.S. 538 suggests that entertaining a filing confinement to nonmerits aspects of the First Federal Habeas proceeding is "inconsistent with the AEDPA?" The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**9. Has the Sixth Circuit Court of Appeals violated the Law-of-the-Case-on-Appeal Doctrine, "Plaintiff should not have had to relitigate this matter after being Granted Relief on August 3, 2004 pursuant to the Court's Decision in Abela v. Martin, 349 F. 3d. 164 (2003); United States v. Campbell, 168 F. 3d. 263, 265 (6th Cir. 1999), Mitchell v. Rees, 36F. Appx. 752, 753 (6th Cir. 2002); Ritter v. Smith, 811 F. 2d. 1398, 1401-04 (11th Cir. 1987) and Gonzalez, 545 U.S. at 534, (2005), where the Sixth Circuit violated the United States Supreme Court precedence of Jimenez v. Quarterman, 129 S. Ct. 681 ( January 2009), "No State Prisoner is eligible for Federal Post-Conviction Relief until the State Court of Appeals issues its Mandate," while Affirming the prejudicial Dismissal of the Habeas Corpus Petition June 9, 2009 and September 11, 2009, pursuant to a fraudulently perceived procedural default under 28 USCS 2244 (d)(1)(A) and (d)(2)? The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations, liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**10. Has The Sixth Circuit Court of Appeals, on March 1, 2011 perpetrated a fraud in this matter and demonstrated a substantial violation of the Petitioner's Constitutional rights, operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid and that the United States Court of Appeals Decision cannot be upheld where the fundamental character of the Court's actions of conversion where it recharacterized the Plaintiff's Rule 60 (b)(6) Motion and the Order of June 7, 2011 was adverse and actually fraudulent as the Circuits have agreed, "...that the**

district court should inform the movant that his motion may be deemed a 2255 motion and give him the opportunity to withdraw it;" Raineri v. United States, 233 F. 3d. 96, 100 (1st Cir. 2000)... "holding that when a district court, acting sua sponte, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard (or in the alternative, the Pleader's informed consent), the recharacterized motion ordinarily will not count as a 'first habeas petition sufficient to trigger AEDPA's gatekeeping requirements," and the Sixth Circuit failed to Withdraw the errant 28 USCS 2244 Motion Second/ Successive at the Plaintiff's request on February 28, 2011 and deliberately failed to notify the Plaintiff of its intention to violate the principles of "Adams," 155 F. 3d. at 584? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.

11. Has the Sixth Circuit Court of Appeals violated the Plaintiff's rights during Appeal where it failed to protect Plaintiff's civil rights and enforce his equal rights in the Court providing equal protection under the law, and pursuant to its precedence in Re *Denny Roy Shelton*, Jr. 295 F. 3d. 620 (2002), where the Court in this matter it demonstrated a substantial violation of the Petitioner's Constitutional rights, operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid and that the United States Court of Appeals Decision cannot be upheld where the fundamental character of the Court's actions of conversion where it recharacterized with prejudice and malice the Plaintiff's Rule 60 (b) (6) Motion when viewed in comparison to the *Shelton* Decision: "Here it appears from the record that the district court, before recharacterizing Shelton's first post-conviction filing as a 2255 motion, did not provide Shelton with appropriate notice and an opportunity for withdrawal. Accordingly, that motion cannot be counted against him for purposes of the bar on a successive 2255 motion;"? The Declarant/Plaintiff says (YES).

If no answer is given to the Constitutional violations liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.

12. Has the Sixth Circuit Court of Appeals' extreme acts of prejudice, abuse of discretion, abuse of the process, egregious violations of Art 1, Sec. 9. Cl. 2 of the Suspension Clause and Art. III, Cl. 2, Injury-in-Fact of the United States Constitution; violation of the Prior Panel Rule, violation of the Law of Retroactive Application on collateral review, failure to affirm the authentication of the "True Copy of the Michigan Court of Appeals July 15, 1997 Mandate in the Direct Appeal of Rights pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2), 28 USCS 2254 (b)(c), and 28 USCS 2254 (d)(8); failure to reprimand Judge Arthur Tarnow for violation of the August 3, 2004 Remand and September 13, 2004 Mandate pursuant to Rule 34 (j) to perform a Constitutional Review of the underling merits of Plaintiff's claims, including from June 3, 1999 through August 30, 2008 and showing extreme favoritism for the State of Michigan and its fraud upon the Federal

**District Court and Sixth Circuit presenting an erroneous claim of procedural default pursuant to the AEDPA of 1996 which cannot be substantiated by the State Court Record; hostility of the En Banc Panel and egregious participation in substantiating the Three-Judge Panel in May 2008, June 2009 and June 2011 in the violation of the Plaintiff's Civil and Constitutional Rights, demonstrates that the Plaintiff is one "single" Minority African-American male *who has been singled out and targeted* by the (Government and) Federal Courts to deny him "all and any access" to Habeas Corpus Relief in the Federal Courts, by usurpation of judicial power, while providing Habeas Corpus access and Review to all others defendants with cases filed in the United States District Court Eastern District and on Appeal to the Sixth Circuit, is an undeniable prima facie case in/of racial hatred and discrimination violating Title VII of the United States Civil Rights Code? The Declarant/Plaintiff says (YES).**

**If now answer is given to the Constitutional violations liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**13. Has the Sixth Circuit Court of Appeals denied the Plaintiff justice and perpetrated a miscarriage of justice to prevent the Plaintiff's Fifteen (Twelve State Court) meritorious claims that demand automatic reversal of the conviction and compel overturning the erroneous prejudicial conviction by denying rights to Remand by the "extraordinary circumstances" presented in this Rule 60 (b)(6) March 1, 2011 Motion and in violation of Phelps v. Almedia which states "the decision to grant Rule 60 (b)(6) Relief must be measured by the incessant command of the court's conscience that "justice" be done in the light of the facts; where such denial violatesPlaintiff's rights to "due process" pursuant to Mathews v. Eldridge, 424 U.S. 319, 333 (1976) "an opportunity to be heard at a meaningful time and in a meaningful manner" and a "substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them, Newman v. Beard, 617 F. 3d. 775, 782 (3rd Cir 2010)(quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990).?" The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**14. Has the Sixth Circuit Court of Appeals operated through a governmental purpose of such fundamental character as to have rendered the proceedings irregular and invalid for the sole purpose of continuing the fraud upon the Court denying the Petitioner access to Appeal to the United States Supreme Court in its June 7, 2011 Order on a Motion that had been withdrawn/cancelled and was moot on March 1, 2011 in that the United States Supreme Court has concluded that proof of fraud must be (1) an intentional fraud (2) by an officer of the court (3) which is directed at the court itself and (4) in fact deceives the court, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245, 250 (1944), and United States v. Mayer, 235 U.S. 55, 68 (1914)? The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations liability to this claim is**

**assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**15. Has the Sixth Circuit Court of Appeals violated the Standard of Review pursuant to Carey v. Saffold, 536 U.S. 214; 122 S.Ct. 2134, 153 L. Ed. 2d. 260 (2002) U.S. LEXIS 4419, in its impulsiveness to recharacterize the properly and timely filed Rule 60 (b)(6) Motion requiring that the Petitioner's Original First Petition submitted for Reinstatement and Remand to the United States District Court, was a Second Successive Motion after it had been legally and timely withdrawn and cancelled on February 28, 2012, and further where the United States Supreme Court has stated, "A prisoner who files a subsequent and similar petition in another lower court will find consideration of that petition barred as successive, 'while a prisoner who files the same petition in a higher reviewing court' will be able to obtain basic appellate review, even though it is dubbed an original petition;" being a direct violation of the Plaintiff's First, Sixth, Fifth, Eighth and Fourteenth Amendment rights, as well as failure to provide procedural and substantive due process. The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the JUSTICES OF THE SIXTH CIRCUIT COURT OF APPEALS and ADMINISTRATORS NAMED HEREIN.**

**16. Has the Sixth Circuit Court of Appeals violated the Dorn Standard for Release when the Sixth Circuit ruled that a presumption of prejudice applies…even more serous denial of the entire judicial proceeding itself, which defendant wanted at the time and to which he was entitled. The Declarant/Plaintiff says (YES),**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the Justices of the Sixth Circuit.**

**17. Has the Sixth Circuit Court of Appeals violated its Oath of Office Contract when it failed to sanction Judge Arthur Tarnow for failure to obey and carry out the Remand Order of August 3, 2004 pursuant to Abela v. Martin, where the Declarant filed a timely Complaint of violation of rights to the Circuit Executive and Chief Judge Boggs. The Declarant/Plaintiff says (Yes).**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the Justices of the Sixth Circuit.**

**18. Has the Sixth Circuit violated Declarant's rights when it upheld on Appeal the unconstitutional dismissal of the habeas petition by retroactive application of Lawrence v. Florida to the Petition on collateral review in the district court, violating the Prior Panel Rule, the Law-of-the-Case Doctrine, Landgraft v. USI Film Products, substantive and procedural due process. The Declarant/Plaintiff says (YES).**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the Justices of the Sixth Circuit.**

**19. Has the Sixth Circuit violated Mathews v. Elderidge, Monroe v. Pape, the Speedy Trial Act, and Barker v. Wingo when it allowed the original habeas petition to remain pending in the district (7 years before a response from the State and 4 years suspended after Remand) court due to ongoing extensions of time by Judge Tarnow to the State of Michigan to avoid review of the Declarant's meritorious claims for Relief. The Declararant/Plaintiff says (YES).**

**If no answer is given the Constitutional violations liability to this claim is assumed by the Justices of the Sixth Circuit.**

**20. Has the Sixth Circuit violated the Declarant-Plaintiff through a class-based invidiously discriminatory animus where declarant is a "class-of-one" and due to the perverse and ongoing violations of his rights is the only prisoner throughout all the districts that are under the Sixth Circuit where he has been denied habeas relief where all other Prisoners have received habeas corpus review in their respective United States District Courts as well as in the Eastern District of Detroit, except the Declarant. The Declarant/Plaintiff says (Yes).**

**If no answer is given to the Constitutional violations liability to this claim is assumed by the Justices of the Sixth Circuit.**

Antonio Hudson

**All Rights Reserved, UCC 1-308**

**Antonio Hudson 213154**
**Civil Rights Complaint**

Karen M. Arthur
June 7, 2013

KAREN M. ARTHUR
NOTARY PUBLIC, STATE OF MI
COUNTY OF GENESEE
MY COMMISSION EXPIRES Feb 3, 2020
ACTING IN COUNTY OF Genesee

437 U.S. AT 667; **TITLE VI OF THE CIVIL RIGHTS ACT** of 1964 (42 USC 2000e-16 (C), 5 USC, Sec. 7702[e]; RACIAL DISCRIMINATION, TITLE VI OF THE CIVIL RIGHTS ACT; **VIOLATION OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS; TITLE VII RETALIATION OF CIVIL RIGHTS;** VIOLATION OF THE MICHIGAN STATE CONSTITUTION; PROCEDURAL DUE PROCESS STANDARD OF MATHEWS v. ELDRIDGE, 424 U.S. 319, 333 (1976); **STATUTORY DUE PROCESS STANDARD** OF SCHULP v. DELO, 513 U.S. 298, 328 (1995); **SUBSTANTIVE DUE PROCESSS STANDARD** OF UNITED STATES v. SALERNO, 481 U.S. 739, 746, 107 S.CT. 2095, 94 L. Ed. 2d. 269 (1987); **EX POST FACTO CLAUSE**, DE FACTO DOCTRINE; **USURPATION OF JUDICIAL POWER**, USCS 1291 and 2106; VIOLATION OF THE LAW-OF-THE-CASE-ON APPEAL DOCTRINE, MANDATE RULE, (6th Cir. I.O.P. 41), UNITED STATES v. CAMPBELL, 168 F. 3d. 263, 265; MANDATE RULE, **28 USC 2254 (b) and (c),** RITTER, 545 U.S. at 534 and JIMENEZ v. QUARTERMAN, 129 S. CT. 681 (2009); **28 USCS 2254 (d)(8);** LAW ON RETROACTIVE APPLICATION PURSUANT TO LANDGRAFT v. USI FILM PRODUCTS, 511 U.S. at 264; and **TEAGUE v. LANE 489 U.S. 288; 109 S.Ct. 1060; 103 L. Ed. 2d. 334 (1989);** PRIOR PANEL RULE, HARRIS v. CHAMBERS, JUDICIAL B IAS, WASHINGTON v. RECUENCO, 548 U.S. 212, 126 S.CT. 2546, 2551 n.2, 165 L.Ed. 2d.(2006); RAILEY v. WEBB, 540 F. 3d. 393 (2008); **28 USCS 2244 (d)(1)(A) and (d)(2),** PURSUANT TO JONES v. AL LUBBERS, 359 F. 1005; AND PRESUMPTION OF PREJUDICE, **DORN v. LAFLER**, 601 F. 3d. 439; US CODE 455(a), LITEKY & BOURGEOIS v. UNITED STATES, 510 U.S. 540; 114 S.CT. 1147; VIOLATION OF UNITED STATES v. HARRIS, FEDERAL EQUAL RIGHTS LAW PURSUANT TO **MONROE** v. **PAPE**, 365 U.S. 167; **DEPRIVATION OF RIGHTS**; 18 USCS 1621, **18 USCS 1001**; RULE 60 (b), GONZALEZ v. CROSBY, U.S. 524; 125 S.CT. 2641 (2005); **ARTUZ v. BENNETT, 531 U.S. 4, 8, 148 L. Ed. 2d. 213, 121 S.Ct. 361 (2000);** FRAP 45 (8)(b); **RE-CHARACTERIZATION OF RULE 60 (b) (6) MOTION FOR RELIEF, SHELTON, 295 F. 3d. 620 (2002);** FAILURE TO WITHDRAW/CANCEL ERRONEOUS 28 USCS 2244 MOTION; CAUSE AND PREJUDICE STANDARD; 28 U.S.C. 1341, 1343; 18 USC 241 and 242; 252 and 251; 28 USCS 1367 and venue 28 USC 1391; 42 USCS CODE 1985, 1986 and 1981, **FAILURE TO PROTECT AND ENFORCE EQUAL CIVIL RIGHTS OF THE PETITIONER IN THE COURTS; 18 USC 241 and 242; FAILURE TO PROVIDE EQUAL PROTECTION UNDER THE LAW; and FAILURE TO CERTIFY THE MICHIGAN COURT OF APPEALS JULY 15, 1997 MANDATE ENDING THE DIRECT APPEAL OF RIGHT DEMONSTRATING THERE NEVER EXISTED A PROCEDURAL DEFAULT IN THIS 28 USCS 2254 HABEAS CORPUS MATTER filed September 4, 2001 in the United States District Court Eastern District, Southern Division, with the Plaintiff's Amended Habeas Corpus Petition; Federal Rules of Civil Procedure, Federal Rules of Appeallate Procedure violated Jointly and Individually in Official capacity under Color of Law by all Defendants in violation of the First, Fourth, Fifth, Sixth, Seventh Eighth, Ninth, Thirteenth and Fourteenth Amendments of the United States Constitution. Violation of Bivens v. Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971).**

ARTICLE I, Sec. I. THE UNITED STATES CONSTITUTION
Every Court of the United States must derive its jurisdiction and judicial authority from the Constitution and Laws of the United States. Jecker v. Montgomery, 54 U.S. 498, 13 HOW 498, 14 L. Ed. 240, (1852).

VIOLATIONS OF ARTICLE I, Sec. 9, Cl. 2 by U.S. District Court and Sixth Circuit Suspension Clause of the Federal Constitution. The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it. The Court confirmed in *Boumediene* "the permanent guarantee of the writ...the effect of practice in 1789 as an absolute minimum...and the guarantee of judicial review of issues of law relating to executive detention...hybrid character of the Suspension Clause as a rights provision... the Constitutionally required power of the judiciary to order release.

The Suspension Clause permanently guarantees a certain minimum content of Judicial Inquiry into Lawfulness of Detention (except when the privilege of the Writ is properly suspended). The Suspension Clause not only regulates temporary suspension of the privilege of the Writ, but permanently requires a right to habeas corpus with a certain minimum content when the Writ has not been suspended. This foundation proposition about the meaning of the cause had been called into question in the St. Cyr dissent, and its reaffirmation by the Holding in *Boumediene.* Boumediene v. Bush, 553 U.S. 723; 128 S.Ct. 2229; 171 L. Ed. 2. 41; (2008) U.S. LEXIS 4887; 76 U.S.L.W. 4406; 21 Fla. L. Weekly Fed. 5329. St. Cryr, 533 U.S. at 314.

The Court found "substantial evidence" that the Writ had addressed the unlawful exercise of a discretionary power to detain or release. At the absolute minimum, the Suspension Clause protects the Writ as it existed in 1789. The Court made clear that Congress was free to replace

VIOLATION OF THE HABEAS CORPUS ACT (1789, 1828, 1867)
District Court Habeas Jurisdiction over Removal Orders with an adequate and effective substitute remedy in the Court of Appeals, id at 314 & n. 38, Amended (2005), Adequacy of Direct Review after the Real ID Act 2005, 51 NYI, Sch I Rev. 133, 134 (2006) [herein after Neuman Adequacy of Direct Review] Ins. v. St. Cyr, 20, 533 U.S. at 301 (quoting Felker v. Turpin, 518 U.lS. 651, 663-664, (1996).

"Regardless of Whether the protection of the Suspension Clause encompases all cases covered by the 1867 Amendment extending protection of the Writ to State Prisoners, or by subsequent legal developments, at the absolute minimum, the Suspension Clause protects the Writ as it existed In 1789."Justice Stevens, St. Cyr, 533 U.S. at 301.

The Clause "ensures that, except during periods of formal suspension, the Judiciary will have a time-tested device, the Writ, to maintain 'the delicate balance of governance' that is itself the surest safeguard of liberty." Justice Scalia, Hamdi v. Rumsfeld, 548 U.S. 557; 126 S.Ct. 2749; 165 L. Ed. 2d. 723; (2006) U.S. LEXIS 5185; (Reversed and Remanded).

The Court derived from Johnson v. Eisentrager, 339 U.S. 763 (1950), a multifactor inquiry that structured its determination of the coverage of the Clause: Atleast three factors are relevant in determining the reach of the Suspension Clause: (1)The Citizenship and Status of the detainee and the adequacy of the process through which that status determination was made; (2) the Nature of the sites where apprehension and then detention took place; and (3) the practical Obstacles inherent in resolving the prisoner's entitlement to the Writ. (quoting *Boumediene* Opinion). The Boumediene majority attributed to the Suspension Clause a dual character:

It confers "rights" on individuals, but also, forms an element of the separation of powers. The Court's peroration described habeas corpus as "a right of first importance."

**The *Boumediene* Opinion described as "uncontroversial" the proposition repeated by St. Cyr "that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of revelant law." That is one of the easily identified attributes of any Constitutionally adequate habeas corpus proceeding.**

The Suspension Clause guarantees the Power of Account to Order Release (which may include Conditional Release) of a Prisoner. The *Boumediene* Majority described the 'power of release' as one of the "easily identified attributes" that "any Constitutionally adequate proceeding" must have. "We do hold that when the judicial power to issue habeas corpus properly is invoked the judicial officer must have adequate authority to make a determination in light of the relevant law and facts and to formulate and issue appropriate orders for relief, including, if necessary, an order directing the prisoner's release"

A Constitutionally adequate substitute for habeas corpus must provide the court with the traditional power of the habeas court to order release, either conditionally, or conditionally on the curing of the defect that rendered the detention unlawful. The wide modern use of the remedy of Conditional Release reflect the authority granted to the federal courts in the post-civil war codification of habeas corpus law to dispose of the case "as law and justice require."

PROCEDURAL DUE PROCESS STANDARD OF MATHEWS v. ELDERIDGE, 424 U.S. 319, 333 (1976), protected by the Fourteenth Amendment. See Renchenski v. Williams, 622 F. 3d. 315, 325 (3rd. Cir. 2010). In analyzing a procedural due process claim, the first step is to Determine whether the interest is one within the contemplation of the liberty or property language of the Fourteenth Amendment. (Citing Fuentes v. Shevin, 407 U.S. 67 (1972). If the Court concludes that such an interest exists, the next issue is whether the procedure provided to the Plaintiff afforded that individual due process of law. Newman, 617 Fed. at 782-83. If the Court determines "that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it," and whether the procedures provided to the Plaintiff afforded that individual due process of law." (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

**The Petitioner has been denied "rightful access" to the Courts by violation of the Local Court Rules and Administrative Procedures under the Federal Rules of Civil Procedure, and Federal Rules of Appellate Procedure and Federal Statutory Law.** The fundamental requirement of 'due process' is the opportunity to be heard "at a meaningful time and in a meaningful manner." The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." Newman v. Beard, 617 F. 3d. 775, 782 (3rd Cir. 2010) (quoting Zinermon v. Burch, 494 U.S. 113, 125) (1990). These are Fifth, Sixth and Fourteenth Amendment violations.

The Court Rules and Federal Statutes were being administered in such a manner as to deprive the Plaintiff of his equal rights secured by the Federal Constitution. Damico Et. Al. v. Cal. Et. Al.

S.Ct. 389 U.S. 416; 88 S.Ct. 526; 19 L. Ed. 2d. 647; (1967). 28 USCS 1343. **18 USCS 51** condemns as a criminal offense any conspiracy to injure citizen in the exercise of any right or privilege secured to him by the United States Constitution of laws of the United States. Section 20 of the Criminal Code, **codified at 18 USCS 52** makes it a penal offense for anyone, who acting under color of law, willfully subjects or causes to be subjected any inhabitant of any State to the deprivation of any rights, privileges and immunities secured by and protected by the United States Constitution and Laws of the United States.

The right to access to the Habeas Corpus Writ is a right secured by the United States Constitution and that a conspiracy to prevent any citizen from that right is a conspiracy to injure and oppress the citizen in the free exercise of a right secured by the United States Constitution within the meaning of the United States Constitution. No federal criminal statute whatever its terms, can be applied beyond the reach of the Congressional power which the United States Constitution confers. Misuse of power, possessed by virtues of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law. Demandant-Plaintiff has been unable to protect his civil or equal rights in the Courts.

Federal District Courts have jurisdiction to hear Bivens claims under 28 USCS 1343, civil rights and elective franchise (a) the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by a person (1) to recover damages for injury to his person or property or because of the deprivation of any right or privilege of a citizen of the United States, by an act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42.

MANDATE RULE-STATE COURT, 28 USCS 2254 (b)(c) and 28 USCS 2254 (d)(8)
The United States Supreme Court reaffirmed 28 USCS 2254 (b) in its Jimenez v. Quarterman Decision. 129 S. Ct. 681 (2009) which preempts Lawrence v. Fla, 549 U.S. 327, **which is inapplicable to the Plaintiff's case. *Jimenez* clearly preempted the erroneous and prejudicial retroactive application of *Lawrence* to the Plaintiff's Habeas Petition. When applied to this matter, it is a violation of Statutory Law pursuant to 28 USCS 2254 (b).** The Supreme Court stated, "No State Prisoner may seek Federal Habeas Corpus Relief in the Federal Courts until the State Court of Appeals issues its Mandate ending the Direct Appeal of Rights." In the instant matter, the Plaintiff's Direct Appeal of Right was ongoing throughout the period the Plaintiff exhausted his State Court Remedies. The Michigan Supreme Court Denied the Plaintiff's Delayed Application for Appeal on July28, 1998, thereby exhausting all the Plaintiff's claims for Relief in the State Courts. The Plaintiff was ineligible for Habeas Corpus Relief on March 23, 1996 as implied by the Attorney General in its Motion to Dismiss.

28 USCS 2254 (d)(8): The Record in the State Court proceeding, considered as a whole, does not fairly support the factual determination presented to the United States District Court by the Attorney General of Michigan in its October 2001 Motion to Dismiss the Plaintiff's Habeas Corpus Petition for failure to comply with 28 USCS 2244 (d)(1)(A) and (d)(2) of the AEDPA of 1996, failing to admit that the Michigan Court of Appeals did not issue its Mandate ending the Direct Appeal of Right in this matter until **July 15, 1997. The Plaintiff was ineligible to seek Federal Relief on the Date the Attorney General erroneously states the Conviction and Sentence became Final. The Petitioner continued to exhaust his State Court remedies and the Direct Appeal of Right was ongoing at this time. The Michigan Supreme Court**

**did not obtain Jurisdiction over this matter until July 16, 1997. The Plaintiff's Conviction and Sentence therefore became final 90 days after the Michigan Supreme Court Denied his Delayed Application for Appeal on July 28, 1998. The Plaintiff did not seek Certiorari Review in the United States Supreme Court and his Conviction and Sentence became final 90 days thereafter on October 29, 1998.** Pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2), the Plaintiff timely filed his Original Habeas Corpus Petition on June 3, 1999, four months ahead of the October 29, 1999 Deadline pursuant to the one—year limitation under the AEDPA of 1996, pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2). There is no Procedural Default in this matter pursuant to Statutory Laws 28 USCS 2254 (b) and 28 USCS 2254 (d)(8).

Pursuant to 28 USCS 2254 (b), a clarification in procedural law, is an independent and adequate ground to which the Federal Court must defer. 28 USCS 2254 (b) states, "No Prisoner is entitled to seek Federal Habeas Corpus Relief in Federal Court **until the State Court of Appeals issues its Mandate ending the Direct Appeal of Right."** Jimenez v. Quarterman, 129 S. Ct. 681 (2009) Judge Tarnow's Default Decision on March 29, 2002 rests upon a presumption about what the State Court would do, based upon erroneous facts stated by the Respondent Attorney General of the State of Michigan in its Motion to Dismiss, rather than on what the State Court actually did as evidenced by the Authenticated Record of the Michigan Court of Appeals Mandate of July 15, 1997 filed in the United States District Court clearly documenting the issuing of the Mandate pursuant to 28 USCS 2254 (b)and (c) Statutory Law ending the Direct Appeal of Right in this matter.

**The Plaintiff filed an authenticated "True Copy" copy of the Michigan Court of Appeals Mandate issued July 15, 1997 by the Michigan State Court of Appeals, attached to his Amended Original Habeas Corpus Petition in the United States District Court on September 4, 2001** along with 350 Pages of Affidavits on Constitutional violations at his State Court Trial, State Court Trial Transcripts, Exhibits, State Court Preliminary Examination Transcripts, Arrest Records, Police Report, and Affidavits from Character and Alibi Witnesses supporting his actual, factual innocence; Transcripts showing Prosecutorial misconduct, Defense Attorney misconduct and abandonment, Trial and Preliminary Examination Court misconduct and bias, ineffective assistance of counsel and failure to receive a fair trial, illegal arrest and illegal prosecution, and Trial Testimony and Affidavits documenting subornation of Perjury by the State's Main Witnesses were filed in the United States District Court. Also the True Copy of the Michigan State Court of Appeals Mandate was submitted in Plaintiff's Appendix on Appeal to the Sixth Circuit Court of Appeals accompanied by Affidavits in Support, in 1999, February 2003 Brief on Appeal and Supplemental Brief pursuant to Abela v. Martin (2003), and within his December 1, 2008 Brief and within his December 16, 2008 Corrected Brief on Appeal, and within his En Banc Brief on Rehearing August 4, 2009 to the Sixth Circuit; and subsequent 2010 and 2011 Briefs and Motions on Appeal to the Sixth Circuit for Rehearing and Declaratory and Injunctive Relief.

28 USCS 2254 (b) and (c) Statutory Law and 28 USCS 2254 (d)(8) was available to the Three-Judge Panel(s) when Affirming Judge Tarnow's prejudicial and erroneous dismissal of the Petitioner's Habeas Corpus Petition as a Mixed Appeal in March 2001, and when Affirming the Unconstitutional Dismissal of the Habeas Petition June 9, 2009 and June 7, 2011 for an erroneous Procedural Default and also failing to Review the timely filed February 28, 2011

withdrawal of the erroneous 28 USCS 2244 Motion and the timely filed Rule 60 (b)(6) Motion, March 1, 2011 to the Sixth Circuit challenging the Judgment of the United States District Court Judge that led to the Dismissal of the properly filed Habeas Corpus Petition. Teague v. Lane and Jimenez v. Quarterman were ignored to continue the deprivation of the Plaintiff's rights in the "class-based" invidiously discriminatory animus perpetrated with the State of Michigan and Judge Arthur Tarnow. A Federal Judge may be removed from Office due to behavior in violation of his Oath of Office and the United States Constitution.

MANDATE RULE, USCS (6th Cir. I.O.P. 41)

The United States District Court Judge violated the "mandate rule" which requires lower courts to adhere to the commands of a superior court." Id. United States v. Campbell, 168 F. 3d. 263, 265 (6th Cir 1999), (explaining that the "mandate rule" is a specific application of the Law-on-the-Case Doctrine). "Under the doctrine of the Law-on-the- Case, findings at one point in the litigation become law of the case for subsequent stages of that litigation." United States v. Moored, 38 F. 3d. 1419, 1421 (6th Cir. 1994). See Ritter v. Smith, 811 F. 2d. 1398, 1401-04 (11th Cir. 1987) (cited favorably by Gonzalez, 545 at 534).

SUBSTANTIVE DUE PROCESS

Substantive Due Process prevents the Government from engaging in conduct that shocks the conscience…or interferes with rights implicit in the concept of ordered liberty. United States v. Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 94 L. Ed. 2d. 697 (1987).

STATUTORY DUE PROCESS STANDARD

The Court must recognize there was no State Procedural Bar on any State Court ground in this matter preventing Habeas Corpus Review. Dretke v. Haley, 541 U.S. 386; 124 S.Ct. 1847; 158 L. Ed. 2d. 659; (2004) U.S. LEXIS 32352.

ARTICLE II, Sec. 2, Cl. 2

When person has been nominated to office by President, confirmed by Senate, and his Commission signed by the President with the Seal of United States affixed thereto, his appointment is complete. United States v. Le Baron, 60 U.S. 73, 19 HOW 73, 15 L. Ed. 525. Officer appointed for definite time or during good behavior has no vested interested or Contract right in his office of which Congress cannot deprive him. Crenshaw v. United States, 134 U.S. 99, 33 L. Ed. 825, 10 S. Ct. 431: (1856).

ARTICLE III, Sec. 2, Cl. 1

Congress may give federal courts exclusive or concurrent jurisdiction of all actions to enforce liability incurred through obedience to orders of governmental officers, where defendant would be able to claim indemnity from public treasury. Mitchell v. Clark, 110 U.S. 633, 28 L. Ed. 279, 4 S.Ct. 170.

ARTICLE III, Sec. 2. Cl. 2

Injury-in-Fact pursuant to the United States Constitution. O'Shea v. Littleton, 414 U.S. 488; 94 S.Ct. 669; 38 L. Ed. 2d. 674.

TITLE VI OF THE CIVIL RIGHTS ACT

"The legal rights" language has now been dispensed with. Rejection occurred in two **Administrative law cas es in which the Court announced that parties had standing when they suffered "injury-in-fact;"** to some interest, economic or otherwise, that is arguably within the zone of interest to be protected or regulated by the Statute or Constitutional provision in question. Now political, environmental, aesthetic and social interests, when impaired, afford a basis for making Constitutional attacks upon Governmental action." 504 U.S. 555. There must be a causal connection between the injury and the conduct complained of; that is, the Court insists the Plaintiff show "but for" the action, he/she would not have been injured, and the Court has insisted that there be "a substantial likelihood" that the relief sought from the Court if granted would remedy the harm." 432 U.S. 262.

When the Government erects a barrier that make it more difficult for members of one group to obtain a benefit that it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. **"The injury-in-fact" in an equal protection case** of this variety **is the denial of equal treatment** resulting from imposition of the barrier, not the ultimate liability to obtain the benefit. O'Shea v. Littleton, 414 U.S. 488; 94 S.Ct. 669; 38 L. Ed. 2d. 674. Plaintiff is the only prisoner of all United States District Courts within the Sixth Circuit who filed a habeas corpus petition from June 3, 1999 through June 7, 2011 in their respective District Courts and the Sixth Circuit, **who was denied total access to habeas corpus review (due to a class-based invidiously discriminatory animus). He has been singled out for ongoing hate acts and racism to continue his false imprisonment and to deny him a means of challenging his conviction and sentence, further violating his rights under Heck v. Humphrey.**

Under UNITED STATES CONSTITUTION, ARTICLE IV, Sec. 1

Full Faith and Credit. Full faith and credit shall be given in each State to the Public Acts, Records, and Judicial proceedings of every State and Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof.

UNITED STATES CONSTITUTION, ARTICLE IV, Sec. 2, Cl. 1.

Privileges and Immunities. The Citizens of each State shall be entitled to all privileges and Immunities of citizens of several States.

Under ARTICLE VI

The Senators and Representatives before mentioned, and the members of several State Legislatures, and all executive **and judicial officers**, both of the United States and several States, **shall be bound by Oath or Affirmation, to support this Constitution**; but no religious test shall ever be required as a qualification to any officer or public trust under the United States.

Article VI, Cl. 3

Constitution of the United States, with all powers conferred by it on General Government, and and surrendered by States, was voluntary act of people of several States, deliberately done, for their own **protection and safety against injustice from one another**, and their anxiety to

preserve it in full force, in all its powers, and to guard against resistance to or evasion of its authority on part of State is proved by provision of Art VI, Cl. 3. Shall be bound by Oath or Affirmation to support the Constitution. Ableman v. Booth, 62 U.S. 506, 21 HOW 506, 16 L. Ed. 169.

Every Judge in every State is required to take the Oath of Office as prescribed in the United States Constitution. State ex rel. Irvine v. District Court, 125 Mot 398, 239 P. 2d. 272 (1951); 28 USC 453 (1994). A federal judge, whose own Oath of Office requires the Judge to faithfully and impartially discharge and perform all the duties incumbent upon [the judge]…under the Constitution and Laws of the United States may not ignore…United States of America v. Grady Thomas, (U.S. Ct. Ap. 2nd Cir), 116 F. 3d. 606; 1997 App. LEXIS 11852.

DE FACTO OFFICER DOCTRINE

De Facto Officer Doctrine, which confers validity upon acts performed under "color of official title" even though appointment to office was deficient, could not be invoked to authorize actions of judges in military proceedings where appointments clause had been violated. Ryder v. United States, 515 U.S. 177, 132 L. Ed. 2d. 136, 115 S. Ct. 2031, 95 CDOS 4396, 95 Daily Journal DAR 7573 (1995). Judge Tarnow, Judge Freidman, Magistrate Komives, and the Justices of the Six Circuit Court of Appeals have violated their Oath of Office contracts in this matter. Orders made when in violation of ones' Oath of Office would be invalid, moot without jurisdiction.

EX POST FACTO CLAUSE

The District Court Judge adopted an interpretation of Lawrence v. Fla., in violation of clear United States Supreme Court precedence to the contrary, which affected the Plaintiff's Punishment, "actively lengthening his Sentence or "punishment." Collins v. Youngblood, 497 U.S. 37, 43, 110 S. Ct. 2715, 111 L. Ed. 2d. 30 (1990).

LAW OF RETROACTIVE APPLICATION

The District Court Judge proceeded with the Retroactive Application of Lawrence v. Fla in clear violation of Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L. Ed. 2d. 229 (1991) and Teague v. Lane, where retroactive application is not allowed with Petitions on collateral review, and illegally reinstating the erroneous and UnConstitutional Dismissal of the Habeas Petition of March 29, 2002 which was done in violation of 28 USCS 2254 (b) and 28 USCS 2244 (d) (1) and (d)(2) and 28 USCS 2254 (d)(8) of Uniform Federal Law. A retroactive effect, as defined in *Landgraf*, is one that would impair the rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. St. Cyr, 533 U.S. at 321 (quoting Sinotes-Cruz, 468 F. 3d. 1190) (2006). A statute that is ambiguous with respect to retroactive application is construed under United States Supreme Court precedent to be unambiguously prospective.

USURPATION OF JUDICIAL POWER, 28 USCS 1291 and 2106; Rev. Statute 1979 (42 USCS 1982). Giving a right of action against a person who under Color of State Law, custom or usage, subjects another to the deprivation of any rights, privileges or immunities secured by the Federal Constitution. Misuse of power possessed by virtue of State law and made possible only because the wrongdoer is clothed with the authority of the State law is action taken "under color"

of State Law within the meaning of Sec. 1979. United States v. Classic, 313 U.S. 299; Screws v. United States, 325 U.S. 91.

HEEDLESS REFUSAL TO PROCEED

The United States District Court Judge practiced a "heedless refusal to proceed" in this habeas corpus matter from June 3, 1999 through April 30, 2008. The District Court Judge allowed the State of Michigan Attorney General nine years of extensions of time allowing inexcusable delay and neglect in avoiding responding to the allegations of the Petitioner's Petition. The Judge's actions of failure to adjudicate claims, denial of an "ends of justice determination," no stage one, stage two, or discovery set constituted a "heedless refusal to proceed." Will, 437 U.S. at 667; Bleitner v. Wellborn, 15 F. 3d. 652 and United States v. Howard, (1997) U.S. App. LEXIS 310886, No. 94-6543, 1997 WL 705077 at 11 (6th Cir. 1977).

CAUSE AND PREJUDICE STANDARD

The United States Supreme Court "its purpose as providing "an adequate guarantee" that **a procedural default would "not prevent a federal habeas court from adjudicating for the first time the Federal Constitutional Claim of a Defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice**." Engle v. Isaac, 456 U.S. 107, 135, 71 L. Ed. 2d. 783, 102 S.Ct. 1558 (1982). (quoting Dretke v. Haley, Supreme Court of the United States, (2004). The United States Supreme Court has stated, "For the most part, victims of fundamental miscarriage of justice will meet the cause-and-prejudice standard." Murray v. Carrier, 47 U.S. at 495-496, 91 L.Ed. 397, 106 S.Ct. 2639. The Plaintiff Hudson's May 16, 2007 Corrected Reply to the Respondent in the United States District Court demonstrated meritorious evidence of factual, actual innocence of the substantive offense and egregious violations of the Plaintiff's Constitutional rights requiring immediate and Unconditional release **where arguments of the underlying merits of the Plaintiff's claims stated Constitutional trial error—deprivation of right to counsel, that defied harmlessness of error analysis and demonstrated a prolific miscarriage of justice. Kotteakos v. United States, 328 U.S. 750, 776, 90 L. Ed. 2d, 1557, 66 S.Ct. 1239, ( ), (**quoting Brecht v. Arahamson, 507 U.S. 619, 113 S.Ct. 1710; 123 L. Ed. 2d. 353; (1993), LEXIS 2981.

FEDERAL EQUAL RIGHTS LAW

The Plaintiff was denied protection of his equal civil rights by the District Court Judge Tarnow from June 3, 1999 through April 30, 2008; and specifically on violation of the Order of Remand and Mandate from the Sixth Circuit to perform the Constitutionally required Review of the underlying merits of the Plaintiff's claims, August 3, 2004 and by Dismissal of the Habeas Petition on April 30, 2008. Further, the March 29, 2002 Dismissal in violation of 28 USCS 2244 (d) (1) (A) and (d) (2) in clear violation of Uniform Federal Law **28 USCS 2254 (b)(c)** and 28 USCS 2254 (d)(8), where no procedural default existed in this matter pursuant to the AEDPA of 1996.

The Plaintiff was denied protection of his equal civil rights by the United States District Court. The United States Supreme Court has stated, "Federal Law includes even more rights and remedies. It provides an additional right to be free from intentional discrimination by Government entities and Officials. This right is available to all citizens through the Constitutional principles of equal protection." Tucker v. United States Department of Commerce,

958 F. 2d. 1441, 1413,(7th Cir.) 506 U.S. 953, 121 L. Ed. 2d. 332, 113 S.Ct. 407 (1992). The Court also stated, "A denial to citizens of African descent because of their race of the right or privileged accorded to White citizens …is a discrimination against the former inconsistent with the Amendment, and within the powers of Congress by appropriate legislation to prevent." Bush v. Kentucky, 107 U.S. 110; 1 S.Ct. 625; 27 L. Ed. 354; (1882), U.S. LEXIS 1207; 17 Otto 110. The Plaintiff was not able to protect or enforce his equal civil rights under Federal Law in the United States District Court nor in the Sixth Circuit Court of Appeals. The Court stated, "Whether rooted directly in the Due Process Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity' to present a complete defense." Holmes v South Carolina, 547 U.S. 319, 324 (2006); (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986); (quoting California v. Trombetta, 467 U.S. 479, 485 (1984); (quoting Gagne v. Booker, (6th Cir. 2010).

Judge Tarnow violated the Ritter Factor on February 15, 2008, April 17, 2008 and April 30, 2008, Denying the Plaintiffs' Reply to the Order to Show Cause Why the Habeas Petition should not be Dismissed. The Third Ritter Factor directs Courts to examine closely the original and intervening decisions at issue in a particular motion for reconsideration predicated on an intervening change in the law: if there is a close connection between two cases, the court will be more likely to find circumstances sufficiently extraordinary to justify disturbing the finality of the original judgment. **(Plaintiff's Order of Remand from the Sixth Circuit, August 3, 2004 for Habeas Corpus Review of the underlying merits of the Plaintiffs' claims were protected by United States Supreme Court Precedence). Judge Tarnow exercised usurpation of judicial power for almost four years denying Habeas Corpus Review Ordered by the Sixth Circuit Court of Appeals prior to the Decision of Lawrence v. Fla, 549 U.S. 327; 127 S.Ct. 1079; 166 L.Ed. 2d. 924 (2007) by the United States Supreme Court.** At no time, June 3, 1999 through April 30, 2008, was the Decision of Lawrence v. Fla, applicable to the Plaintiff's Habeas Petition pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2) of the AEDPA of 1996. Such an application was clear violation of Uniform Federal Law. **The United States Supreme Court has stated, "retroactive application is not applied to cases on collateral review.**" Landgraft, 511 U.S. 244, 114 S.Ct. 1483, 128 L. Ed. 2d. 299 (1994); 511 U.S. at 280.

PRIOR PANEL RULE

An Appellate Court is bound to follow a Prior Panel or En Banc Holding, except where the Holding has been overruled or undermined to the point of abrogation by a subsequent En Banc or Supreme Court Decision. Harris v. Chambers, 150 F. Ed. 1324; (1998). On August 3, 2004 **there was no intervening law** for Judge Tarnow to consider in this Habeas Corpus matter. Federal Statutory Law of 28 USCS 2254 (b) and 28 USCS 2254 (d) (8) prevents application of Lawrence v. Fla, 549 U.S. 327 (2007), to the Plaintiff's Habeas Petition pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2) of the ADEPA of 1996 on April 30, 2008 and prevents any application of Dismissal of the Petition in the first instance March 29, 2002. See Jimenez v. Quarterman, 129 S. Ct. 681 (2009) which clearly preempts the erroneous application of Lawrence v. Fla to this Habeas matter by Judge Arthur Tarnow. The Sixth Circuit failed to overturn Judge Tarnow's Act of Usurpation of Judicial Power and his decision that prevented the entitled Review of the Plaintiff's underlying merits of his Petition.

MONROE v. PAPE, 365 U.S. 167; Monell Et Al v. Dept. Soc Serv City of N.Y Et. Al., 436

U.S. 658; 98 S.Ct. 2018; 56 L. Ed. 2d. 611 (1978); The United States Supreme Court Reversed the Appellate Court's decision finding municipal corporations were persons who could be sued under the Statute when execution of an official governmental policy or custom inflicted the Constitutional violation…It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury that the government as an entity is responsible under 42 USCS 1983. **Monroe** v. **Pape**, "only when execution of a government policy inflicted the plaintiff could a Governmental entity be responsible under 42 USCS 1983. 42USCS gives remedy, action of law, suit in equity. or other proper proceeding for redress to parties deprived of Constitutional rights, privileges, and immunities by Officials abuse of his position." 365 U.S. 167, 5 L. Ed. 2d. 492, 81 S.Ct. 473, (1961). The Federal Judges official government policy and custom inflicted upon the Demandant-Plaintiff was to deny all enjoyment, rights or privileges of the United States Constitution and deny total access to Habeas Corpus Review in the Federal Courts motivated by conspiracy of a "class-based" invidiously discriminatory animus and the Federal Judges are responsible pursuant to Bivens v. Six Unknown Named Narcotics Agents, 18 USC 241 and 242, 18 USC 1985 and 1986.

**42 USCS 1983 and Bivens**

**In order to state a claim for deprivation of rights under 42 USCS 1983 Plaintiff must show that (1) conduct complained of was committed by person acting under color of law (2) defendant's conduct in fact deprived them of rights, privileges or immunities secured by the Constitution or laws of the United States (3) defendant's conduct caused deprivation of Federal Constitutional rights and (4) defendant's conduct must have been intentional, grossly negligent, or must have amounted to reckless or callous indifference to Constitutional rights of others. Neris v. Vivoni, 249 F. Supp. 2d. 146 (2003).**

VIOLATION OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS

Article I: Man is endowed with reason and conscience and should act towards one another in a spirit of brotherhood.

Article II: Everyone is entitled to all the rights and freedoms set forth in this Declaration without distinction of any kind, such as race, color, sex, language, religion, political or other opinion, national or social origin, property, birth or other status. Furthermore, no distinction shall be made on the basis of the political, jurisdictional or international status of the country or territory to which a person belongs, whether it be independent, trust, non-self –governing or under any other limitation of sovereignty.

Article III: Everyone has the right to life, liberty and security of person.

**Article IV: No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms.**

**Article V: No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.**

**Article VI: Everyone has the right to recognition everywhere as a person before the law.**

**Article VII: All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination.**

**Article VIII: Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights grated him by the CONSTITUTION or by law.**

**Article IX: No one shall be subjected to arbitrary arrest, detention or exile.**

**Article X: Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charge against him.**

**Article XI: Everyone charged with a penal offence has the right to be presumed innocent until proven guilty according to law in a public trial at which he has had all the guarantees necessary for his defence. No one shall be held guilty of any penal offence on account of any act or omission which did not constitute a penal offence under national or international law, at the time when it was committed. Nor shall a heavier penalty be imposed than the one that was applicable at the time the penal offence was committed.**

Article XII: No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honor or reputation. Everyone has the right to protection of the law against such interference or attacks.

Article XIII: Everyone has the right to freedom of movement and residence within the borders of each State.

Article XVII (1): Everyone has the right to own property alone as well as in association with others. (2) No one shall be arbitrarily deprived of his property.

Article XXIII: Everyone has the right to work, to free choice of employment, to just and favorable conditions of work and to protection against unemployment. (2) Everyone, without any discrimination, has the right to equal pay for equal work. (3) Everyone who works has the right to just and favorable renumeration ensuring for himself and his family an existence worthy of human dignity, and supplemented, if necessary, by other means of social protection.

Article XXV: Everyone has the right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services; and the right to security in the event of unemployment, sickness, disability, widowhood, old age, or other lack of livelihood in circumstances beyond control.

Article XXVI: (1) Everyone has the right to education. Education shall be free at least in the elementary and fundamental stages. Elementary education shall be compulsory. Technical and professional education shall be made generally available and higher education shall be equally

accessible to all on the basis of merit. (2) Education shall be directed to the full development of the human personality and to the strengthening of respect for human rights and fundamental freedoms. It shall promote understanding, tolerance and friendship among all nations, racial or religious groups, and shall further the activities of the United Nations for the maintenance of peace. (3) Parents have prior right to choose the kind of education that shall be given to their children.

**Article XXVII: (1) Everyone has the right to freely participate in the cultural life of the community, to enjoy the arts and to share in scientific advancement and its benefits. (2) Everyone has the right to the protection of the moral and material interests resulting from any scientific, literary or artistic production of which he is the author.**

**Article XXVIII: Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized.**

**Article XXX: Nothing in this Declaration may be interpreted as implying for any State, group or person any right to engage in any activity or to perform any act aimed at the destruction of any rights and freedoms set forth herein.**

VIOLATION OF THE RIGHT TO HABEAS REVIEW IN U.S. DISTRICT COURT

From June 3, 1999 to November 21, 2006 Judge Arthur Tarnow Granted the Michigan Attorney General seven years of Continuances or Extensions of Time demonstrating wanton favoritism to the Government allowing the Government ongoing inexcusable delay and neglect in avoiding responding to the allegations of the Plaintiff's Habeas Corpus Petition. Also, upon Remand from the Sixth Circuit Judge Tarnow continued the Extensions of Time from August 3, 2004 through April 30, 2008, failing to perform an "ends of justice determination" and proceed with the Habeas Corpus Review. Judge Tarnow's actions were a "heedless refusal to proceed" in this matter with failure to adjudicate claims, and no stage one, stage two or Discovery date set, no evidentiary hearing. The Plaintiff's Habeas Petition is replete with evidence of political corruption and collusion between the Prosecutor, Preliminary Examination Judge and Trial Court Judge, hired Defense Attorney, hired appellate attorney, and Court-Appointed Attorney to deny all civil rights under the United States Constitution, equal protection of rights under the law, and enforcement of equal rights under the law. Judge Tarnow denied the Plaintiff Statutory and Substantive Due Process on an ongoing basis. **The Plaintiff was singled out as the only Defendant African American Minority to be Denied Habeas Corpus Review from June 3, 1999 to April 30, 2008 and on Remand from the Sixth Circuit, by Judge Arthur J. Tarnow from August 3, 2004 through April 30, 2008.** The Plaintiff has made a prima facie case for "racial discrimination," "bias," and "prejudice" demonstrating a hatecrime." The Court has stated, "clearly established federal law, as determined by the Supreme Court of the United States, 28 USCS 2254 (d)(1), recognizes not only actual bias, but also the appearance of bias, as grounds for disqualification." Jones v. Al Lubbers, 359 F. 3d. 1005; 2004 U.S. App. LEXIS 4040 (2004). This is also a violation of 42 USC Sec. 1985 and 1986, Conspiracy to interfere with civil rights in a "class-based" invidiously discriminatory animus of a "class-of-one. "Judge Tarnow violated the United States Constitution by Suspending the Habeas Petition pursuant to Art. I, Sec. 9. Cl.2. Demandant was retaliated against for exercising his Constitutional rights.

**Judge Arthur Tarnow denied the Plaintiff's Motions for Default and Summary Judgment against the State of Michigan for failure to timely respond to the allegations of the Petition for seven years.** Upon receipt of the Order of Remand from the Sixth Circuit Judge Tarnow **immediately abandoned and disobeyed** the Order of a Higher Court, refusing carry out the Review on the underlying merits of the Plaintiff's claims. Judge Tarnow following the pattern of the behavior of the Genesee County, State Court Preliminary Examination Judge, the Trial Court Judge and the Prosecutor, "singled" out the Plaintiff as a "Minority" African-American Defendant, who had been "targeted by the State of Michigan" and "exclusively" denied him rights to Habeas Corpus Review while simultaneously carrying out Habeas Review **for all other** Defendants on Orders of Remand and Mandates issued by the Sixth Circuit Court of Appeals from June 3, 1999 to April 30, 2008. Judge Tarnow denied the Plaintiff's Motion to Correct the District Court Docket and to Order the State of Michigan to file all Rule 5 State Court Records. **Judge Tarnow failed to accept the validity of the Michigan State Court of Appeals Mandate issued July 15, 1997 ending the Direct Appeal of Right filed on September 4, 2001 with the Plaintiff's Amended Original Habeas Corpus Petition**. Judge Arthur Tarnow demonstrated a willing collusion and wanton favoritism for the Government in violation of the Plaintiff's rights pursuant to 28 USCS 2244 (d)(1)(A) and (d) (2) of the AEDPA of 1996 to assist the State Government in its conspiracy to deny the Plaintiff all access to Constitutionally entitled access to Habeas Corpus Relief and release from his unjust incarceration and false imprisonment.

The Plaintiff was denied Review of his "First" Habeas Corpus Petition, pursuant to Article 1, Sec. 9, Cl. 2 of the United States Constitution through an unprecedented act of racial discrimination and usurpation of judicial power for almost four years prior to Judge Tarnow's prejudicial and errant retroactive application of Lawrence v. Fla, (2007), to the Petition to reinstate the unconstitutional March 29, 2002 Dismissal of the Petition based upon an erroneous claim of Procedural Default by the Attorney General of the State of Michigan. The Plaintiff should have received Habeas Corpus Review and the ''Issue of the Writ" no later than November 2004 and received release from imprisonment based on his numerous meritorious Constitutional claims that defy harmless error analysis. The United States Supreme Court has determined that "actual bias" violates Constitutional due process. Judge Tarnow abused his discretion which is supported by the United States District Court Record. The Court has stated, "Nevertheless it is beyond dispute that judicial bias is structural error, not susceptible to forfeiture (or harmlessness of error analysis)." Washington v. Recuenco, 548 U.S. 212, 126 S. Ct.2456, 2551 n.2 165 L. Ed. 2d. (2006).

Due process demands that the Judge be unbiased. In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L. Ed. 942 (1955). Our system of law has always endeavored to prevent even the probability of unfairness. Anderson v. Sheppard, 856 F. 2d. 741, 746 (6th Cir. 1988). In Withrow v. Larkin, 421 U.S. 35, 95. S. Ct. 1456, 43 L. Ed. 2d. 712 (1975) the Court acknowledged, by way of example, the two types of cases in which it had already established an unacceptable "probability" of actual bias, stating: not only is a biased decision-maker Constitutionally unacceptable but our system of law has always endeavored to prevent even the probability of unfairness. In pursuit of this end, various situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decision-maker is too high to be Constitutionally tolerable.

In October 2001, Judge Tarnow appointed his friend Attorney Andrew Weiss of the Federal Appellate Defenders Office to represent the Plaintiff in the matter of Equitable Tolling based upon an impediment to timely filing created by the State of Michigan and upon Plaintiff's claim of actual, factual innocence. Andrew Weiss did nothing to provide evidence to Judge Tarnow that the Petition was timely filed nor did he argue before the Court the Plaintiff's entitlement to equitable tolling where the State had created an impediment to filing by confiscating all of the Plaintiff's legal records and personal property and sending him to a Maximum Security Prison 800 miles away from the United States District Court when Corrections Officers learned he was preparing his Habeas Corpus Petition for filing in the Federal Courts. There were no Habeas Forms on site in Jarratt, Virginia, nor Federal Case Law or Federal Court Rules and no legal assistance as required by Bounds v. Smith, 430 U.S. 817 (1977). The Plaintiff was held against his will in Jarrett, Virginia for ten months and then returned to the State of Michigan. Plaintiff was forced to file his Original Petition without any legal aid or his State Court Records, at his earliest possible time, June 3, 1999. Judge Tarnow using bias dismissed the Petition because it contained a Motion to Stay the Proceedings until the Plaintiff could return to the State of Michigan and regain possession of his legal records held in storage in Jackson State Prison Storeroom. Judge Tarnow ruled it as a request to return to the State Courts to exhaust State Court claims, which was in error. Plaintiff had already exhausted all State Court claims for Relief. As a First Habeas Petition, Judge Tarnow could have used his discretion to set aside the erroneous Motion to Stay the Proceedings and continue with the Habeas Corpus Review. The Original Petition was Dismissed as a Mixed Petition by Judge Tarnow on September 15, 1999. The Dismissal was Affirmed by the Sixth Circuit March 21, 2001.

After a timely filing of the Amended Habeas Petition on September 4, 2001 the State of Michigan failed to Respond to the Court's Order to answer the allegations of the Plaintiff's habeas corpus petition; instead the Government filed a Motion to Dismiss for failure to comply with the timely filing requirements of 28 USCS 2244 (d)(1)(A) and (d) (2). Plaintiff was granted an evidentiary hearing on the issue of entitlement to equitable tolling based upon a State-created impediment to filing and a claim of actual, factual innocence supporting equitable tolling. During the Evidentiary Hearing **both Andrew Weiss and Judge Tarnow** told the Plaintiff that his Petition "was not timely filed" and ignored the proofs of timely filing established by the Plaintiff by submission of the State Court Mandate issued July 15, 1997 with his Amended Habeas Petition on September 4, 2001. The State of Michigan was allowed to provide fraudulent evidence by putting a Government employee from Lansing on the Witness Stand to give testimony that Defendants were allowed to take personal records to Virginia and that the State of Michigan had an Employee at the Jarratt site to assist Michigan prisoners. This testimony was totally fraudulent and Judge Tarnow did not require any material proofs nor the testimony of the alleged Michigan Employee claimed to have been in Jarratt, Virginia. There was no Government employees on the site to offer the Plaintiff assistance nor were there any Habeas Corpus forms on site inVirginia. The Plaintiff had to write home to a family member to travel to the United States District Court and pick up the forms and mail them to him in Virignia. The Clerk of the United States District Clerk told the Plaintiff he was the only Michigan Prisoner who filed a Habeas Petition in the United States District Court from Jarratt, Virginia during the ten-month period Michigan Prisoners were held there under a Compact Agreement between the State of Virginia and the State of Michigan due to prison overcrowding in Michigan. The Primary Agreement was that Michigan Prisoners could not carry any of their personal possessions and records because

several other States also had Prisoners housed at the Virginia site and those items could not be accommodated. The Plaintiff was entitled to equitable tolling in this matter. Pursuant to 28 USCS 2244 (B) the Plaintiff had one year from the date in which the impediment to filing the habeas petition in the Federal Court was removed by the State to file a Habeas in the Federal Courts. The Plaintiff was not returned to the State of Michigan until October 24, 1999, therefore, Plaintiff by law had until October 24, 2000 in which to timely file his Habeas Corpus Petition. He filed June 3, 1999 and the Plaintiff's Petition for equitable tolling should have been Granted.

The Petition had been ruled timely filed by United States District Court Magistrate Marc Goldman and he had Ordered the Attorney General to Respond to the allegations of the Petition by October 22, 2001. Instead of filing a Response to the allegations of the Petition the Government filed its erroneous Order to Dismiss for violation of 28 USCS 2244 (d) (1)(A) and (d) (2). On January 3, 2003 Judge Arthur Tarnow Dismissed the Habeas Petition on the State's Motion of Dismissal, Granted March 29, 2002. Judge Tarnow ignored the Plaintiff's Motion to Quash the State's Motion to Dismiss and proofs of timely filing in the Federal Court Record and failed to Order an Evidentiary Hearing as required by Statutory Law, prior to issuing the March 29, 2002 Order Dismissing the Habeas Petition.

The Plaintiff filed a timely Appeal to the Sixth Circuit, Pro Se. Attorney Andrew Weiss fraudulently presented himself to the Sixth Circuit as the Attorney of Record. He was told by the Plaintiff not to proceed without discussing the case with him. Attorney Weiss failed to contact the Plaintiff after the Plaintiff wrote him a letter telling him he would not be needing his assistance and he did not want him to have any further contact with his case. The Plaintiff also sent a letter and Affidavit to Judge Tarnow and the Clerk of the Court to remove Attorney Weiss from his case. He would be taking his case to the Sixth Circuit Pro Se because of the ineffective assistance of counsel he experienced with Attorney Weiss after he was assigned to represent him at the Evidentiary Hearing and his lack of concern for representing the Plaintiff in a competent manner during the four months he was assigned and failed to prepare for the Evidentiary Hearing. The Plaintiff wrote to the Sixth Circuit and asked them to remove Attorney Weiss from his case as Attorney of Record, Appeal No. 03-1240. He would be continuing in the Federal Courts Pro Se. The Sixth Circuit removed Attorney Weiss, as Attorney of Record, **who after being told not to file any documents for the Plaintiff, deliberately filed a Notice of Appeal a week after the Plaintiff**. Attorney Weiss's Notice of Appeal was late and would have lost the Plaintiff the right to an Appeal in the Sixth Circuit if the Plaintiff had not **timely filed on his own behalf, Appeal no. 03-1235.**

On Appeal, the Sixth Circuit overturned Judge Tarnow's Ruling pursuant to Abela v. Martin, 348 F.3d. at 164, 172-73 (2003) and ruled the Petition timely filed pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2). On August 3, 2004, the Sixth Circuit Ordered Review of the underlying merits of the Plaintiff's claims. **Judge Tarnow immediately abandoned and disobeyed the Order of Remand and violated the Mandate of the Sixth Circuit.** The Plaintiff was targeted for deprivation of all civil rights under color of law. The Plaintiff filed several Complaints requesting assistance with getting Judge Tarnow to perform Habeas Corpus Review. Chief Judge Freidman told the Plaintiff he did not have the authority to Order Judge Tarnow to perform the Habeas Corpus Review Ordered by the Sixth Circuit August 3, 2004. The Chief Judge refused to intervene, March 14, 2008, when the Plaintiff filed a Complaint requesting that Judge

Tarnow's February 15, 2008 Order to Show Cause Why the March 29, 2002 Dismissal of the Habeas Corpus Petition Should Not Be Reinstated, and be aborted. Chief Judge Friedman wrote a letter to the Plaintiff, "that he could not tell another Judge what to do." The Plaintiff made a substantive argument to the Sixth Circuit, demonstrating that there was no procedural default pursuant to 28 USCS 2244 (d)(1)(A) and (d)(2) and that Judge Tarnow had violated his rights to Habeas Corpus Review for over four years by **disobeying the Remand and Mandate from the Sixth Circuit Court of Appeals and Suspending the right to Habeas Corpus Review in violation of Art. 1, Sec. 9, Cl. 2 of the Suspension Clause of the United States Constitution.** The Plaintiff also filed several complaints with the Office of the Circuit Executive in the Sixth Circuit based upon **usurpation of judicial power**, racial discrimination, collusion with the State Government and wanton and egregious violations of the Plaintiff's Constitutional rights to Habeas Corpus access and ongoing disability, bias and prejudice. The Circuit Executive. Clarence Maddox and Chief Judge Danny J. Boggs, denied the Plaintiff any Relief and allowed the Unconstitutional Dismissal and prejudicial behavior of Judge Tarnow to continue and Dismissal of the Habeas Petition to take place. Throughout his Appeal Judge Tarnow had failed to remove Attorney Andrew Weiss' name from his case as Attorney or Record. Judge Tarnow and the Clerk of the Court David Weaver, were well aware that the Plaintiff was proceeding Pro Se on Appeal. However, Judge Tarnow was sending all Notices regarding the matter to Attorney Weiss. The Plaintiff received a letter from Assistant Attorney General Debra Gagliardi that "your Attorney Mr. Weiss has agreed to an extension of time in which to respond to the allegations of the Petition." This had been going on for two years before the Plaintiff became aware that Attorney Weiss was agreeing to the ongoing inexcusable delay and neglect and the abuse of discretion of Judge Tarnow giving the State of Michigan unjustifiable extensions of time to avoid responding to the allegations of the Petition. The Plaintiff wrote a Complaint to the Director of the Federal Defenders Office and reported Attorney Weiss' devious conduct. Also, Debra Gagliardi was aware that Judge Tarnow had allowed Attorney Weiss to keep his name on the case without the Plaintiff's knowledge. <u>She had been served in a timely manner by the Plaintiff with his Brief on Appeal to the Sixth Circuit as a Pro Se Petitioner.</u> Throughout this matter the State of Michigan has failed to file any Reply Briefs on Appeal to the Sixth Circuit.

The Plaintiff also learned in July 2010 that the United States District Court has lost his entire original Habeas Corpus file of Records sent to be **housed in a Government Depository in Chicago, Illinois**. The Plaintiff paid a Forty-Five Dollar retrieval fee to have the filed returned to the United States District Court so that he could have a family member examine, and locate copies of documents needed for filing his Certiorari Petition to the United States Supreme Court. The Clerks in Chicago and the United States District Court claimed a "location" number was missing from the Records. There is a discrepancy whereas the Clerk in Chicago claims that two boxes of Records were mailed to the United States District Court and only one returned, which now cannot be located. However, the Clerk in the United States District Court has no record of receiving any Requested Records. Further requests were made by the Plaintiff to the United States District Court to locate the file with negative results. This is deliberate violation of the Plaintiff's rights of equal protection under the law and due process.

The Plaintiff filed a timely Certiorari to the United States Supreme Court. He was violated by malfeasance of Supreme Court employees and Case Managers. His March 7, 2010 Certiorari was in the Court for a month after delivery by Certified United States First-Class Mail, before it

was recorded as present in the Case Manger's or Clerk's Office. The Plaintiff presented the Question of Whether he was entitled to Habeas Corpus Review pursuant to the 2009 Intervening Law of Jimenez v. Quarterman, which reaffirmed 28 USCS 2244 and 28 USC 2254 requirements for exhausting State Court remedies prior to filing a petition for habeas corpus relief in the federal courts. The major question was the violation of a Mandate and Order of Remand from a Higher Court by a United States District Court Judge Tarnow which violated the Plaintiff's rights to procedural, substantive and statutory due process under the First, Fifth, Sixth, and Fourteenth Amendments. The United States Supreme Court does not favor the Dismissal of a First Habeas Corpus Petition where the underlying merits of the claims have not been heard based upon a procedural default. The Plaintiff was violated by Case Managers in the Supreme Court when his case was placed on the docket on April 14, 1990 and Denied on April 16, 1990 without reaching the Panel for Review. Reconsideration was Denied. The Plaintiff was entitled to a Reversal of the Dismissal of the June 9, 2009 Order of the Sixth Circuit Affirming the Dismissal of the Petition by Judge Arthur Tarnow through the retroactive application of Lawrence v. Fla to a case on collateral review. Justice Stevens related on "National Television in an interview with 20/20, in 2010, that the cases that " they look for" are **when a United States District Court disobeys a Remand and Mandate from a Higher Court**. This is clearly a Constitutional violation that warrants Relief." That was exactly the issue the Demandant placed before the United States Supreme Court.

The Demandant filed a timely Notice of Appeal to the United States Supreme Court in June 2011. His case Manager informed him by mail that he had 90 days in which to prepare and file a Certiorari Petition to the Supreme Court. After receiving the fraudulent order from the Sixth Circuit, the Case Manager notified the Demandant that no Appeal was available due to the filing of a 28 USCS 2244 Motion for Second/Successive in the Sixth Circuit. The Demandant explained in detail in a Motion for Extension of Time containing an Affidavit of the prejudicial and illegal conduct of the Sixth Circuit which hid the filing of the Rule 60 (b)(6) Motion in the Sixth Circuit by not mentioning the name of the Motion in its Order of June 7, 2011. The Motion was circumvented by the Case Managers and not presented to Justice Kagan for Review. This was a deliberate scheme by the Three-Judge panel to terminate "right to appeal" of the Demandant in the United States Supreme Court. The Supreme Court stated in United States v. Mayer, 235 U.S. 55, 68 (1914), "the Court has the inherent power to set aside fraudulently begotten judgments and restore the parties to the position they would have enjoyed in the absence of the fraud." Judge Alito stated in order to meet the necessary demanding standard for proof of fraud upon the Court we concluded that there must be (1) an intentional fraud (2) by an officer of the court (3) which is directed at the Court itself and (4) in fact deceives the Court."

The Plaintiff contacted the Sixth Circuit and spoke to his Case Manager Roy Ford asking how to reinstate a First, original Petition in which the underlying merits of the claims has not been reviewed in Federal Court. Plaintiff was told he could use 28 USCS 2244 Motion Forms for Second/Successive. He was given detailed instructions by the Case Manager Roy Ford. Stating to fill out Section 1 and in Section 2, state the Motion is being submitted to reinstate a "First Habeas Corpus Petition for Remand to the District Court. Attach a copy of the Original Habeas Petition and proofs and evidences and return it to the Court of Appeals. The Case Manager mailed 28 USCS 2244 Motion Forms to the Plaintiff for completion.

On June 11, 2011 the Three-Judge Panel of Justices Merritt, Rogers and District Judge Forester issued an unconstitutional order denying Rule 60 (b)(6) Relief "referring to it in the Order as "his superseding emergency motion for affirmative relief," to hide the facts from the United States Supreme Court. The Panel fraudulently stated that 2244 Motion for Second-Successive Relief was before the Court on June 11, 2011. The 2244 Motion was filed in error upon instructions from Roy Ford the Demandant's Case Manager. The request made upon the Court was for instructions in reinstating a first, original habeas petition in which the underlying claims have not been heard, in the United States District Court. The Petitioner received 28 USCS 2244 forms from Roy Ford as well as intricate instructions on how to proceed. He was told to complete part I and then state that he was filing the Petition for Remand purpose only to reinstate it for habeas corpus review in the United States District Court. He placed an **Affidavit** in the Motion stating it was to be used **for remand** to the District Court only and it is not being submitted for Second/Successive purpose as the underlying claims have never been reviewed in the Federal Courts. The Demandant continued researching the issue of reinstatement of a Petition and discovered that Rule 60 (b)(6) was the proper motion to file challenging the integrity to the proceedings in district court that resulted in an Order that prevented review of a first habeas corpus petition. The Petitioner immediately **withdrew and cancelled** the 2244 Second/Successive Motion and simultaneously filed the Rule 60 (b)(6) Motion in the Sixth Circuit. He received no notification from the Appeals Court that his 2244 Motion had not been cancelled or withdrawn as he requested. He **received no notification** of the danger of using a 28 USCS 2244 Motion to reinstate his original habeas corpus petition. This would have been necessary **because his Affidavit inside the Motion** made it clear he was using it only to reinstate his original, first petition for habeas review. Leonard Green the Clerk of the Court and Roy Ford, the Case Manager failed to cancel and withdraw the 2244 Motion of February 28, 2011. Both parties failed to notify the Demandant and offer him an opportunity to withdraw the 28 USCS 2244 Motion in violation of the Sixth Circuit's precedence in ***Re Denny Shelton*:** We agree with the approach of the Second Circuit, and hold that: District Courts should not recharacterize a motion purportedly made under some other rule as a motion made under 2255 unless a (a) movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, not withstanding its designation, the motion should be considered as made under 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so characterized. Adams, 155 F.3d. at 584. Unless such a warning is provided, a recharacterized 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions. See Henderson, 264 F. 3d. at 711-712 (refusing to deem pro se prisoner's post-conviction motion a 2255 motion where "no warning was given").

After being deliberately wrongly advised by the Case Manager Roy Ford that it was acceptable to utilize a 2244 Motion for reinstatement purposes only of a first habeas corpus petition, the Demandant discovered his error and made the correction asking for withdrawal which he is entitled to do. Neither the Clerk of the Court or Case Manager nor the Judicial Panel from October 7, 2010 through February 28, 2011, warned or notified the Petitioner of the potential adverse consequences of attempting to reinstate his First Habeas Petition in the District Court by use of the 28 USCS 2244 Motion. Secondly, demonstrating the discriminatory attitude against the Demandant, where other Prisoners were timely notified and given an opportunity to withdraw, the Sixth Circuit denied the Demandant's right to withdraw his 2244 Motion **after he had made a timely request** and while also submitting the correct Motion for the relief he sought by **Rule 60 (b)(6)**. The acts against the Demandant are **clearly intended to abort** any access he has to Relief in the Federal Courts. This is a

serious deprivation of rights demonstrated as a "class-based" invidiously discriminatory animus where he is a "class-of-one."

The Court's Order of June 11, 2011 errantly states "Hudson has now filed the instant motion seeking permission to file a second successive habeas corpus petition." **This is a fraudulent statement**. The request was clearly stated as one for Remand of the Petition to the District Court. It was the Sixth Circuit's duty to return the 28 USCS 2244 Motion if the Motion could not be used for that purpose. Whatismore, **he was fully entitled to the same notification given to other prisoners who were similarly situated who could lose meritorious claims and were given the opportunity to cancel or withdraw their Motions**. Since the request to withdraw the Motion was timely filed pursuant to Artuz v. Bennett, the Three-Judge Panel acted willfully and wantonly to violate the Demandant's rights to foreclose any possibility of his original first habeas petition receiving review in the Federal Courts and their Judgment is invalid. There was no live 28 USCS 2244 Motion before the Court after February 28, 2011. The Order is a clear deprivation of rights by Justices Merritt and Rogers and Judge Forester. **The Demandant filed eight Motions in an effort to setaside, vacate and correct the Ruling**. On Appeal the Sixth Circuit committed fraud when it notified the United State Supreme Court that the Demandant filed a 28 USCS 2244 Motion without stating it was not active on June 11, 2011 and it was replaced with the proper Rule 60 (b)(6) Motion which is entitled to Certiorari Review. These actions made in an ongoing conspiracy to prevent Federal Review of the Demandant's meritorious claims for Relief are also RICO crimes.

Unlawful conclusions warrants damages. Cognizable injury for abuse of the process is limited to the harm caused by the misuse of the process. Bivens v. Six Unknown Named Agents provides a federal civil remedy for the deprivations of any rights, privileges, or immunities secured by the United States Constitution by any person acting under color of law. It was held in Regina v. Bridgman that prisoners were entitled to be discharged from their recognizances where the trial had been postponed for assizes. In Commonwealth v. Brummer, it was held that defendant should be discharged under the fourth-term rule, having been imprisoned for terms without a trial, where continuances had been granted by the Court...The Demandant has been imprisoned since November 21, 1990 (after spending eight months in the County Jail awaiting Trial) and awaiting Habeas Corpus Review since June 3, 1999, yet the Three-Judge Panel was silent on Judge Tarnow's usurpation for four years violating Constitutional Law refusing to perform Habeas Corpus Review on an Order of Remand from a Higher Court and clearly usurping the Authority of Congress to initiate Suspension of the Writ for any citizen. In King v. D'Eon, 1Blackstone's W. Rep. 510 (K.B. 1764).

The Court stated: We do not agree with Appellee's argument that because each continuance alone was for a brief period and might have been justified standing by itself, therefore the Constitutional guarantee has not been exceeded. The delay is to be regarded in its entirety in weighing it against the cause for further delay. Nor do we agree that defendant's have not been injured. Aside from the damage to their reputations, and the mental harassment of being made to await trial, injury is conclusively presumed, where Constitutional rights are invaded. People v. Murray, 89 Mich. 276

The actions of the United States District Court and Sixth Circuit Justices and Administrators from June 3, 1999 to present violates the Demandant's clearly established federal rights. It has been demonstrated that when given a choice, Federal Judges are willing to protect the rights of other prisoners, while viciously aborting and violating the Demandant' s Constitutional rights. The Demandant was denied the right to Appeal to the United States Supreme Court as result of the Fraud of the Sixth Circuit. Due to the conspiracy and the racism the Demandant has been denied an entire judicial proceeding in three Federal Courts. The Demandant has been denied access to Habeas Corpus Review in the United States District Court from June 3, 1999 to April 30, 2008 and on Appeal to the Sixth Circuit from May 2008 to June 2011. After the fraudulent Order was issued by the Sixth Circuit the Demandant was prevented access to Certiorari Review in the United States Supreme Court on August 11, 2011.

The Demandant has a "right to access claim." The Demandant is claiming actual bias by a decision- maker in the United States District Court, June 3, 1999 through April 30, 2008, and in the Sixth Circuit from, August 3, 2004 to May 2008 and through June 9, 2009, September 11, 2009, October 7, 2010 to June 7, 2011, and in the United States Supreme Court on August 11, 2011. The Demandant can demonstrate by the U.S. District Court Record, the Sixth Circuit Record, and Supreme Court Record, that he will be violated by the Federal Court Judges, Clerks and Case Managers by the very act of bringing a habeas corpus petition before the courts. In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L. Ed. 2d. 985 (2000), the Court's discussion of prejudice is instructive, (although the Demandant is citing prejudice and denial of rights in the context of actions in the United States District Court and the Sixth Circuit); it concluded, "that a presumption of prejudice applies...the even more serious denial of **the entire judicial proceeding itself, which a defendant wanted at the time and which he had a right,** demands a presumption of prejudice. Even if *Dorn* were not entitled to a presumption of prejudice, he has demonstrated prejudice...we are granting...on his right to access claim." (quoting Dorn v. Lafler, 601 F. 3d. 439; 2010 U.S. App. LEXISW 7020, [6TH Cir. 2010]). The Sixth Circuit violated this precedence.

It is clear that the "class-based" invidiously discriminatory animus, **focuses only on the Demandant as a "class-of-one."** Other prisoners with the same issues in the Court get a legally competent Review of their claims. The State of Michigan has engaged all the parties in a conspiracy to prevent reversal of the false imprisonment charges. The Federal Courts have wantonly and vehemently withheld, all access to habeas corpus review for an unreasonable time where there is no legal justification, preventing the Demandant from civil relief. If a prisoner wants to challenge the legality of a criminal conviction or the length and validity of a sentence, he or she must file a habeas petition instead of a federal civil rights suit. The State of Michigan and the Judges and Justices in the Federal Courts have committed themselves to "racial animus" for the total, unlimited deprivation of all the Demandant's rights under the Constitution. Their intention is to prevent any review whatsoever to circumvent the already "invalid" conviction and sentence from evoking release or the opportunity to seek damages. Judge Arthur Tarnow, from June 1999 and the Three-Judge Panel of June 2009 and June 2011 have added fourteen years to the

Demandant's Sentence in the State Prisons. The average prisoner filing a habeas corpus petition in the United States District Court in 1999 would have received a review within seven to ten months or earlier.

This is a deprivation of rights resulting from "their policies and custom" of targeted "injustice" and hatred. Demandant has no way to protect his civil or equal rights in the Courts and he has never received equal protection under the law during these proceedings. Monell v. Department of Social Services, 436 U.S. 658 (1978). A Complaint is actionable against a Judge under Title 42 USC 1985 (3), whose immunity does not extend to conspiracy under color of law. Sec. 1985 (3) reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct. Many Judges have a total disregard for their Oath of Office. Under Title 28, Sec. 453 all Judges take their Oath of Office swearing to uphold the United States Constitution. The Demandant has grounds for a 42 USC Sec. 1985 (2)(3), Claim for conspiracy to interfere with civil rights due to racial discrimination and hatred. Demandant is being retaliated against for his twenty-four years of diligence and for exercising his right to habeas corpus review. This is a violation of his First Amendment rights pursuant to Bivens v. Six Unknown Named Narcotics Agents and Fifth and Fourteeth Amendments of the United States Constitution.

Demandant's claims brought under Bivens' and 18 USC 241 and 242, all relate to DEFENDANTS current and continuing "class-based" invidiously discriminatory animus of a class-of-one, and failure to afford or allow him any opportunity whatsoever to be considered for RELEASE. These Defendants have violated their Oath of Office Contracts and their Appointment Clause has been violated, therefore validity cannot be invoked to authorize the actions of the Judges, and their Judgments of Dismissal of the Habeas Petition are to be held invalid, moot without jurisdiction. DeFacto Officer Doctrine.

Demandant-Plaintiff suffered a deprivation of procedural due process. Substantive due process was denied when the right to habeas corpus review was denied in violation of the Suspension Clause of the United States Constitution where there was an action wantonly disobeying an Order of Remand from a Higher Court which was a fundamental right implicit in the concept of ordered liberty establishing a violation of the Bill of Rights. Judge Arthur Tarnow instituted his own personal law over the Demandant Plaintiff because of his position in the Government conspiracy. Judge Freidman and Magistrate Judge Komives cooperated in the denial of Substantive and Procedural due process rights of the Demandant-Plaintiff. The Demandant has been "shut-out" of the adjudication process and denied the right and opportunity to challenge the Government for fraud against the public trust, fraud in the Courts, and conspiracy that caused his false imprisonment and total deprivation of rights.

Substantive due process is to be distinguished from procedural due process. The distinction arises from the phrase "due process of law." Procedural due process aims to protect individuals from the coercive power of government by ensuring adjudication processes under valid laws are fair and impartial, (e.g. the right to sufficient notice, the right to an impartial arbiter, the right to give testimony and admit relevant evidence at hearings). Substantive due process aims to protect individuals against majoritarian policy enactments which exceeds the limits of governmental authority—**that is, Courts find the majority's enactment is not law, and cannot be enforced as such, regardless of how fair the process of enforcement actually is.**

When Judge Arthur Tarnow set aside and Suspended the Demandant's right to habeas corpus review defying Congress, violating the Demandant's First, Fifth, Sixth and Fourteenth Amendment rights, what legitimate Government purposes was he honoring? He willfully, wantonly, and knowingly violated a fundamental right of the Demandant to support the conspiracy in the "class-based invidiously discriminatory animus where Demandant is a "class-of-one." The Sixth Circuit has supported and protected this fundamental violation of rights of the Demandant and have viciously without regard for their Oath of Office Contracts perpetrated a "fraud" to deny the Demandant "access to habeas corpus relief." The Demandant has absolutely no protection of his civil or Constitutional rights in the Federal Courts. *Bivens* has subsequently been interpreted to create a cause of action against federal government similar to the one 42 USC 1983 creates for the States. **Federal Courts do have the power** to award damages for vindication of personal interests protected by *Bivens*. Justice Brennan of the United States Supreme Court laid down a rule that "it will infer a private right of action for monetary damages where no other federal remedy is provided for the vindication of Constitutional rights based upon the principle that for every wrong is a remedy." Consequently, Judges cannot claim absolute or qualified imunity defense if he/she knew or should have known that he was violating a plaintiff's clearly-established federal rights. 18 USC 241 and 242. The Supreme Court stated,"it does not follow that if such a case arose, the officials would be immune from damages or criminal liability; Murphy v. Morgan. Pursuant to *Anderson*, supra at 640, "as with civil liability udner Sec. 1983 and Bivens, all that can said about criminal liability under Sec. 242 is that it may be imposed for deprivation of a Constitutional right, but only if "in the light of pre-existing law the unlawfulness under the Constitution is apparent." Screws v.United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L. Ed. 1495 (1945), identified the affront to warning requirement; the Justices recognized that this Constitutional difficulty does not arise when the accused is charged with violating a "right which has been made specific either by express terms of the Constitution or laws of the United States or by decisions interpreting them."

The Demandant-Plaintiff is unable to meet the legal requirement that a suit be filed after reversal of conviction due to the fact that he has been prevented from seeking relief in the United States District Court and the Sixth Circuit Court of Appeals. **The purpose of this suit is to challenge the Judgment of the United States District Court and the Sixth Circuit Court of Appeals that prevented him from enjoying the Constitutional privilege and right to Habeas Corpus Review according to Art. I. Sec. 9, Cl. 2.** The Demandant has been denied his "day-in-Court in violation of the First, Fifth, Sixth, Seventh, Nineth, and Fourteenth Amendments. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). This would make the Rulings pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), unconstitutional when applied to the Demandant, as no Federal Court in fourteen years has given him the rightful opportunity to challenge his conviction and sentence to show it has been "reversed" on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus.

The Demandant-Plaintiff was falsely and wrongfully named as a felony suspect in a "rape" that never occurred which was fabricated by Government conspiracy and facts of the event suborned by false testimony supplied by the Government through the alleged rape victim. The Government has no jurisdiction to support the charge. The Demandant has been convicted and is serving sentence on an unsubstantiated unproven "allegation" of rape due to the perverseness of the "class-based"

invidiously discriminatory animus in which he is a class-of-one. Two Counts of First-Degree Kidnapping were added to the Demandant is a secret meeting between the Trial Court Judge and the Prosecutor. No evidence was presented by any Witness at a Preliminary Examination to support the charges and the Court has no jurisdiction to support the charges. After the Preliminary Examination had concluded and the Demandant was being led from the Courtroom, the Preliminary Examination Judge allowed the Prosecutor to add aiding and abetting charges to the CSC and Assault charges with no evidence or testimony offered to support the charges, nor was any effect of consequences for this charge explained to the Demandant. The charges were manufactured by Flint Police and Prosecutors in a conspiracy to bring about false imprisonment.

18 USCS 242 makes it a crime for persons acting under color of law to willfully deprive a person of a privilege protected by the Constitution. To convict an offender of rape, some form of sexual penetration, however slight must occur. Suborned "eyewitness" testimony was revealed when the State's Main eyewitness Jermaine Hammond gave the Demandant three Affidavits of Perjury (1993 and 1994), submitted to the Michigan State Court of Appeals by the Demandant; the evidence was ignored, and not addressed by the State Courts, admitting he lied for the Government due to force and coercion. He admits that he did not witness a rape and no rape occurred involving the alleged victim who perjured herself for the Government to convict an innocent citizen.
The Federal and State Government has avoided investigation, evidentiary hearing, and discovery in this matter. The State of Michigan Parole Board has continuously denied Parole without a valid reason. This is due to their involvement with the State of Michigan Attorney General in the "class-based" invidiously discriminatory animus where the Demandant is a "class-of-one."

Upon receipt of this document, the above named parties has (14) days to execute the cure listed below. If the cure of default is not executed the parties above assumes personal liability to the Sum of $500,000,000.00 (Five-Hundred) million United States Dollars. All liability is every capacity, official and personal is defined as an object of an action.

This request of ADMINISTRATIVE DEMAND DEFAULT OPPORTUNITY TO CURE is made in accord with public policy, and the three-day (3) Truth-in-Lending Act for settlement of this commercial agreement.

This document must and shall be executed under the Habeas Corpus Statute which mirrored the Common-Law Writ of Habeas Corpus, in that it authorized a single form of relief: the Prisoner's immediate release from custody. The cure to be followed as stated in Habeas Corpus Act. of February 5, 1867, Sec 1, 14 Stat. 386 Revised Stat. Sec. 761 which reads virtually the same as today, 28 U.S.C Sec. 2243 to dispose of the matter as law and justice require. Directed through Sec. 2254 (b)(1), (e) (1) by all contrast Sec. 2243's scope of permissible relief applies to all federal habeas proceedings, whether the petitioner is in federal or state custody.

Respondent-Defendants have violated Title 18 Sec. 242 Crimes, Sec. 13 Arrest, Deprivation of Rights. When an officer knowing a conviction to be illegal, groundless or fictitious, willfully uses his authority and/such as an instrument for the direct deprivation of the right of the accused to his liberty and a violation of this section and neither threat nor violence is a necessary ingredient of the offense under the circumstances.

Jurisdiction to this Agreement is under the United States Constitution Article III, Section 2, civil cases concerning disputes of disagreements between parties, and cases of equity asking for court action to prevent some wrong or end some wrong being done. Federal judges may be impeached for poor behavior. Railey v. Webb, 540 F. 3d. 393, 2008 (6th Cir.) The United States Supreme Court has determined that "actual bias" violates Constitutional due process. Nevertheless, it is beyond disputed that judicial bias is a structural error, not susceptible to forfeiture (or harmless error analysis). Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 2551, 165 L. Ed. 2d. 466 (2006); Sullivan v. Louisana, 508 U.S. 275, 283, 113 S. Ct. 2078, 124 L. Ed. 2d. 182 (193). U.S. Code 455 (a), "recusal was required whenever impartiality might reasonably be questioned." Liteky & Bourgeois v. United States, 510 U.S. 540; 114 S.Ct. 1147, "a claim has facial plausibility when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1948-49." Evidence does show that the defendant will be denied or cannot enforce rights in the courts." Strauder v. West Virginia, 100 U.S. 303 (S.Ct.); "the right of access to the courts is fundamental." Johnson v. Avery, 393 U.S. 483, 485, 489 S.Ct. at 747.

STIPULATION OF THE OPPORTUNITY TO CURE

Follow the Law-of-the-Case-on-Appeal Doctrine, constitutes the law-of-the-case. United States v. Moored, 38 F. 3d. 1419, 1421 (6th Cir. 1994), (Gonzalez, 545 U.S. at 534); EEOC v. Assn of Journeymen & Apprentices of Plumbing & Pipefitting Ind. of U.S. & Canada, Local 120, 235 F. 3d. 244, 249 (6th Cir. 1997). Follow the Rule of Mandate "which requires lower courts to adhere to the commands of a superior court." United States v. Campbell, 168 F. 3d. 263, 265 (6th Cir. 1999). "The mandate Rule is a specific application of the law-on-the-case doctrine. Under the doctrine of the law-of-the-case, findings at one point in the litigation becomes the law of the case for subsequent stages of that same litigation." Follow the Mandate Rule under the direct right to collateral review of the underlying merits of the habeas corpus petition. Follow Art. I, Sec. 9, Cl. 2, "the Suspension Clause permanently guarantees a certain minimum content of judicial inquiry into the lawfulness of detention…and permanently requires a right to habeas corpus." Boumediene v. Bush, 553 U.S. 723; 128 S.Ct. 2229; and herein after Neuman Adequacy of Direct Review, Ins. v. St. Cyr, 20 533 U.S. at 301. (Felker v. Turpin, 518 U.S. 651, 663-64, (1996). "The Suspension Clause protects the Writ as it existed in 1789." Justice Stevens at 533 U.S. at 301. Follow the Procedural Due Process Standard of Mathews v. Elderidge, 424 U.S. 319 (1976), "Whether the procedures provided to be Plaintiff afforded that individual due process of law."

**Follow the "Right to Access" to the Habeas Corpus Writ is a right secured by the United States Constitution.** Follow the Substantive Due Process which prevents Government from engaging in conduct that shocks the conscience…or interferes with rights implicit in the concept of ordered liberty. United States v. Salerno,481 U.S. 739, 746, 107 S.Ct. 2095; 95 L. Ed. 2d. 697 (1987). Follow the rights of Title VI of the Civil Rights Act of 1964, "the court announced that the parties had standing when they suffered "injury-in-fact." The injury-in-fact in an equal protection case…is the denial of equal treatment resulting from imposition of the barrier, not the ultimate liability to obtain the benefit." O'Shea v.Littleton, 44 U.S. 488, 94 S.Ct. 669. Follow United States Constitution Art. IV, Sec. 2. Cl.1 "Citizens of each State shall be entitled to all privileges and immunities of citizens of several States." Follow Article VI, Cl.3 "All executives and Judicial officers, both of the United States and several States, shall be bound by oath or affirmation, to

support the Constitution.

Reissue the proper Opinion and Order for April 30, 2008, Civil Case No. 99-CV-73834-DT (based upon an intricate analysis of the underlying merits of the Plaintiff's Constitutional claims) or the IMMEDIATE RELEASE OF PRISONER ANTONIO MARCUS HUDSON, NO. 213154 from the MICHIGAN DEPARTMENT OF CORRECTIONS (PRISONS), through the Writ of Habeas Corpus for the issues listed inside the Amended Habeas Corpus Petition filed September 4, 2001 and under the Direct Remand Order of August 3, 2004 of the United States Court of Appeals for the Sixth Circuit, Case No. 03-1235. Declaratory Relief: The Habeas Petition must be read and Order Witnessed by JUDGES, HONORABLE DENISE PAGE HOOD, and HONORABLE VICTORIA ROBERTS, citing violation of the Ex Post Facto Clause, violation of the DeFacto Clause, usurpation of judicial power, violation of retroactive application pursuant to Landgraft v. USI Film Productions,511 U.S. 244,114 S.Ct. 1483, 128 L. Ed. 2d. 229 (1991) and Teague v. Lane,489 U.S. 288; 109 S.Ct. 1060;103 L. Ed. 2d. 334 (1989), and the "Cause and Prejudice" Standard "for miscarriage of justice" pursuant to Engle v.Isaac, 456 U.S. 107, 135, 71 L. Ed. 2d. 783, 102 S.Ct. 1558 (1982); Murray v. Carrier, 477 U.S. 478, 496, 91 L. Ed. 2d. 397, 106 S. Ct. 2639 (1986), Kottaeakos v. United States, and Brecht v. Arahamson, 507 U.S. 619, the Prior Panel Rule, pursuant to Harris v. Chambers, intervening law of Jimenez v. Quarterman,129 S. Ct. 681 (2009), and violation of Federal Equal Rights Law and deprivation of rights due to a "class-based" invidiously discriminatory animus of a "class-of-one," as a violation of the law-of-the-case-on-Appeal, stamped by Signature, with the Court Clerk and sent to President Barak Obama to be filed as breaking the trust of Office.

Under the Sixth Circuit I.O.P. 41, issuance of the Mandate, (a) The Mandate is the document which authorizes the originating district court or agency to enforce the judgment of this Court. To violate this is a violation of the Oath of Office to uphold the Constitution and will support the charge of perjury. This is a violation of 18 USC 1621 and18 USC 1001 false statements within their official jurisdiction.

Issue the Order under the direct review pursuant to relief through Title 28 USCS 2244 (d)(1)(A) of the United States Code for my properly filed application of Habeas Corpus. All claims were presented through due diligence and no limitations should exist during the direct collateral review determined by Uniform Federal Law. Collateral Review will examine multiple Constitutional violations committed during the State Court Trial. The Mandate Rule compels compliance on Remand as required or Ordered by a Higher Court. The Court has jurisdiction for the false imprisonment committed upon the Demandant.

This aggrieved party has never waived any imprescriptible or unalienable rights to life, liberty as guaranteed and protected by the CONSTITUTION for the United States of America. It's a well established fact of law that no man shall be deprived of his liberty, to which said officers, agents, and/or actors should have known that their act(s) were violative of the Constitution as well as the same CODE from which Commercial Law is operated, and from which same said entities operate causing perjury to their Oath(s) of Office.

Silence can only be equated with fraud where there is a legal or moral duty to speak where an

Inquiry, demand left unanswered would be intentionally misleading. U.S. v. Tweel, 550 F. 2d. 287, (1997).

NOTICE TO RESPOND

Declarant, ANTONIO MARCUS HUDSON grants Respondent (14) days upon the receipt of this Demand to respond to the Statements listed above through the operation of cure listed above and inquiries listed below. Failure to respond will constitute as an operation of law the admission of Respondent by tacit procuration to the Statements. In the event Respondent defaults to the Administrative process, Respondent may not argue, controvert or protest the Administrative findings entered in any judicial proceeding. The Respondent has claimed total jurisdiction over the illegal sentence on ANTONIO MARCUS HUDSON. (FALSE IMPRISONMENT).

All Rights Reserved UCC 1-308

Date: June 7, 2013

Antonio Hudson
Declarant-Plaintiff

Mailing Envelope

Visit us at usps.com

INTERNATIONAL RESTRICTIONS APPLY:

Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.gov or ask a retail associate for details.

Del 6/10

RECEIVED
JUN 12 2013
CLERK'S OFFICE
DETROIT

From: /Expéditeur:
A. HUDSON. 213154
13747 EAST County Road 428
NCF
Newberry, MI 49868

To: /

PRIORITY MAIL
UNITED STATES POSTAL SERVICE

For Domestic and International Use

By air mail / Par avion · Priority / Prioritaire
INTERNATIONAL EXPRESS PRIORITY

From

TO
~~Hon Judge V. Roberts~~
Hon Judge D. Hood
231 W LaFayette Blvd
45 District
Det, MI 48221

Count

2 Env of 2

TYVEK® IS RECYCLABLE.
©2003. DUPONT™ AND TYVEK® ARE TRADEMARKS OF DUPONT.

PLEASE PRES

**PRIORITY® MAIL**

**UNITED STATES POSTAL SERVICE**

PRIC
POS

lailing Envelope

*t us at usps.com*

**ERNATIONAL RESTRICTIONS APPLY:**

**toms forms are required. Consult the**
**rnational Mail Manual (IMM) at pe.usps.gov**
**sk a retail associate for details.**

**From: /Expéditeur:**

A. Hudson 213154
13747 E. Count Rd
Newberry MI

**To: /Destinataire:**

Honorable Victoria Roberts And
[illegible]

LY

Go to usps.com/postageonline

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☐ Two (2) completed **Civil Cover Sheets.** NO

☐ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

1 + 2 = 3 **Complaints.**
(# of Defendants) (Total)

Received by Clerk: EB Addresses are complete: ______

Case:2:13-cv-12604
Judge: Friedman, Bernard A.
MJ: Michelson, Laurie J.
Filed: 06-14-2013 At 10:55 AM
CMP HUDSON V TARNOW, ET AL (EB)

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>NO<br><br>Received by Clerk: ______ Receipt #: ______ | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br>NO<br><br>Received by Clerk: ______ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br>Received by Clerk: ______ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: ______ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

NO IFP APPLICATION FILED; NO FILING FEE PAID
DOCUMENTS PROVIDED WERE OUT OF ORDER
AND HAD TO BE ASSEMBLED.
NO CIVIL COVER SHEET.
COPIES OF MISCELLANEOUS DOCUMENTS INCLUDED.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose ____________

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
ANTONIO MARCUS HUDSON # 213154

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

NEWBERRY CORRECTIONAL FACILITY
13747 EAST COUNTY ROAD, 428
NEWBERRY MI 49868

**DEFENDANTS**
HONORABLE ARTHUR J. TARNOW, ET AL

County of Residence of First Listed Defendant WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*
... USE THE LOCATION OF

**Case:2:13-cv-12604**
**Judge: Friedman, Bernard A.**
**MJ: Michelson, Laurie J.**
**Filed: 06-14-2013 At 10:55 AM**
**CMP HUDSON V TARNOW, ET AL (EB)**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITI... *(For Diversity Cases Only)* ... Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE
June 14, 2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☐ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :